Jerome B. E. Wolff, J.
Leslie Earl Childs was indicted for the crimes of murder in violation of subdivision 2 of section 125.25 of the Penal Law and for possession of weapons and dangerous instruments in violation of subdivision 2 of section 265.05 of the Penal Law. A trial was had on the indictments and the jury, having deliberated for approximately five hours, returned a verdict finding the defendant guilty of manslaughter in the second degree, and of possession of weapons and dangerous instruments. The facts of the case were that the defendant engaged in an argument with some of his acquaintances outside of his residence. He entered his home; assembled a sawed-off shotgun; loaded it and returned to the entranceway, whereupon the gun was discharged and Timothy Hager, age 19, died as a result of being shot with a shotgun slug.
The defense counsel petitioned the court for an order setting aside the verdict and granting a new trial to the defendant on the grounds, that on the voir dire, one of the prospective jurors, who later became a member of the panel on the said trial, failed to disclose the fact that he was the nephew of two uncles who had been convicted of murder; and, further, that he had not disclosed to the defense counsel that he was a member of the Waterloo Auxiliary Police for a period of approximately four years.
It was alleged that the prospective juror in answer to the question, “ Have you or any member of your family ever been employed or associated with a law enforcement agency or the military police? ”, replied in the negative. The further allegation was that the juror, by his negative reply to the question and the background of his father’s family, which was not voluntarily disclosed, was a calculation on the part of the juror to be deceitful and deceptive in order to hide from the defense counsel’s peremptory challenge and prevent himself from being removed from the jury box. Defense counsel had 15 peremptory challenges left at the conclusion of the voir dire.
A hearing has been held on the defense counsel’s motion. At the hearing, it was uncontroverted that the juror had two uncles who had both been convicted of murder, one in the State of Mississippi and the other in the State of Virginia. One uncle was executed and the other is serving a life sentence. This dual incident occurred when the juror was approximately 14 years of age. He testified he only recalled it vaguely, and that it never remained imprinted upon his mind, and that at the time of trial of the instant case he denied any subconscious thought of his uncles. His answers in the hearing to the qués *583 tions concerning the background of his uncles were clear, concise and unequivocal.
The juror was never questioned on the voir dire as to any background concerning crimes in the family ancestry. The contention that this withholding was a practised deceit on the part of the juror and was prejudicial to the defendant is unwarranted. It is difficult in the selection of a jury to delve into every nook and cranny of a person’s mind to ascertain what person would be more advantageous to the defense. The court cannot apply a yardstick to a person’s subconscious or inquire into the subjective thinking process of a juror. In order to accomplish this procedure, the court could only place a hypothesis upon a hypothesis. The most we can accomplish by any possible elongation of the imagination, is to assume the juror was influenced by a memory, then the verdict would not have been unanimous. By the same hypothetical reasoning, inversely, the juror could have had more sympathy, if perchance, recollection would have prejudiced him against laws and their enforcement, and resulted in an argument on behalf of the District Attorney that he was prejudicial and one-sided on behalf of the defendant. The jury returned a verdict of second degree manslaughter, which was the lowest degree of crime possible in view of the death of the victim. The court finds, based on the testimony of the juror at the hearing, that he was not prejudicial as against the defendant, nor deceitful relative to this allegation concerning his family’s background.
The other allegation concerning the juror’s own background was ascertained at the hearing. He admitted he was a member of the Waterloo Auxiliary Police under the Seneca County Civilian Defense Agency for approximately four years and had ended his membership sometime in 1966. He denied being asked the specific question concerning law enforcement, but admitted that he heard the question being asked of some of the other prospective jurors.
The juror stated that he never regarded himself as a peace officer. The testimony of other witnesses at the hearing tended to indicate that, if anything, he was immature or overeager in the use of his uniform, which one might expect.
The Auxiliary Police Unit is not a law enforcement agency nor are any of the members “ peace officers ” except at the time of a drill or an attack (State Defense Emergency Act, § 23, subd. 5) or when authorized by resolution of the local legislative body pursuant to section 105 of the State Defense Emergency Act, which has not been authorized by the Board of Supervisors *584 of this county. The question of aiding in traffic control at public social events might be considered “ drills ” within the act; but, without proper authorization under the statute, the members occupy the same status as volunteer firemen directing traffic.
The instructions given members as revealed at the hearing emphasize the fact that they were not to consider themselves ‘ ‘ peace officers, ’ ’ and the fact that this unit was never attached to a duly authorized police force. This question concerning auxiliary police units relative to a juror’s background was fully explained in People v. Winship (2 A D 2d 952, affd. 2 N Y 2d 944).
The court at the hearing had the opportunity to observe the juror and finds that he was credible and truthful in his answers, did not willfully conceal his background and was not biased, evasive or prejudicial against the defendant.
Based upon the law and facts, the motion is, in all aspects, hereby denied.