■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HOWARD, Appellant.—Judgment of the Supreme Court, New York County, rendered January 26, 1976, convicting defendant of manslaughter in the first degree and possession of a weapon as a felony and sentencing him to concurrent indeterminate terms of seven years on each count, unanimously reversed, on the law, and a new trial ordered. Defendant claimed he was denied a fair trial. We agree with defendant's contention, as the verdict herein was not returned by a fair and impartial jury *(People v McLaughlin,* 150 NY 365, 375; *People v Crimmins,* 36 NY2d 230; CPL 470.15). Defendant was a "policy worker" charged with the slaying of one of his customers, whom he shot in the course of an argument about payment of the customer's winnings. It was established at a posttrial hearing that the juror who occupied Seat No. 2, the 12th and last juror sworn, had been a registered police informant working with the District Attorney's office in the investiga-

tion of gambling, that the juror had been a gambler unable to pay his debts and had become an informant because he needed police protection from the bookmakers to whom he owed money. This information first came to the attention of the prosecutor after the verdict was rendered. There is no indication that the prosecutor was aware of the juror's status before then (cf. *People v Phillips,* 87 Misc 2d 613, affd 52 AD2d 758, mot for lv to app den 39 NY2d 949). When the prospective juror was asked on *voir dire* whether he had ever been "connected with any law enforcement agency", he failed to disclose that status. Further, when asked whether there was any reason he could not be fair and impartial, the then prospective juror answered in the negative. He was not asked any questions about gambling or police, nor did he volunteer any information about his gambling debts or his fear for safety. Had the prospective juror disclosed on the *voir dire* the facts that were established at the posttrial hearing, a challenge for cause would have been sustained *(People v Pauley,* 281 App Div 223, and cases cited therein; cf. *People v Winship,* 2 NY2d 944; CPL 270.20, subd 1, pars [b], [c]). Furthermore, while the record does not establish whether defendant had exhausted his peremptory challenges (CPL 270.25, subd 2) at the time the 12th juror was selected, it is conceivable that had the critical information been disclosed, defendant might have allocated his peremptory challenges so as to have reserved one for this juror (see *People v Culhane,* 33 NY2d 90). CPL 40.30 (subd 3) provides that in such instance as before this court, a retrial may be ordered. Moreover, the United States Supreme Court has held that where a conviction is reversed on procedural rather than substantive or factual grounds, the constitutional bar against double jeopardy is inapplicable *(Burks v United States,* 437 US 1). In view of this disposition, defendant's other contentions need not be considered. Concur—Birns, J. P., Lane, Yesawich and Sandler, JJ.