THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RICHARD ASTLE, Appellant.

Third Department, June 5, 1986

## APPEARANCES OF COUNSEL

*Martin Weinstein* for appellant.

*John B. Poersch, District Attorney (Mary Dawn Herkenham* of counsel), for respondent.

## OPINION OF THE COURT

LEVINE, J.

Defendant's conviction stems from an incident where he allegedly attacked and inflicted serious physical injury upon the victim, the owner-operator of the Crosstown Motel in the City of Schenectady. The victim testified at the trial that, on the night in question, he was on duty at the motel and received a phone call from an occupant of a room concerning a woman who was in apparent trouble in the parking lot. He stated that he proceeded to investigate and, upon walking across the parking lot, heard screaming and then saw defendant sitting on a woman. When defendant saw the victim, he asked him what he wanted, but the victim did not answer. The victim testified that when he was approximately 20 feet from defendant, defendant charged at him and began punching him about the head, that they then fell to the ground and defendant continued to beat him, but that he did not resist the attack or strike defendant.

Of the numerous assignments of error raised by defendant on appeal, only two require extended discussion. The first of these relates to County Court's refusal of defendant's request to charge the jury on justification (Penal Law § 35.15). Conced-

edly, none of the witnesses at the trial, including the victim, suggested in their testimony that the latter was the aggressor in the incident. Defendant himself did not testify at the trial. Defendant, however, relies upon his testimony at a preliminary hearing, introduced on the People's case, as raising the issue that he was acting in defense of his person. In that testimony, defendant said that he was engaged in friendly horseplay with the girl in the motel parking lot when he saw the victim approaching and that the place was "a dump". When the victim continued walking toward them after not responding twice to defendant's question, "What's your problem?", defendant became apprehensive that "he might start something physical". Defendant did not remember whether he or the victim touched the other first, but conceded that the victim never struck him and that he continued to punch the victim when they were on the ground and the victim was offering no resistance until, finally, defendant's companions physically pulled him off the other man.

█ We cannot discern any reasonable view of the foregoing evidence that could have supported a jury finding of justification and, hence, the refusal to charge that defense was proper *(see, People v Watts,* 57 NY2d 299, 301). Defendant's testimony at the preliminary hearing did not contradict the proof at the trial that defendant's attack was not prompted by any hostile word or gesture by the victim and began even before the victim had come in such proximity as to pose any immediate, physical threat to him. Under the circumstances of the encounter as *he* then perceived them to be, i.e., the approach of an unidentified man in a seedy locale who displayed no aggressive conduct or intent other than, perhaps, failing to respond to defendant's inquiries, any belief of defendant that the assault was necessary to defend himself from the *"imminent* use of unlawful physical force" (Penal Law § 35.15 [1]; emphasis supplied) by the victim was not a reasonable one, as a matter of law *(see, People v Collice,* 41 NY2d 906, 907; *People v Miller,* 39 NY2d 543, 548; *People v Comfort,* 113 AD2d 420, 426). To the extent that the decision by the First Department in *People v Goetz* (116 AD2d 316) may be read as requiring submission of a justification defense to the jury whenever an accused has professed a genuine, subjective belief in the necessity of defending himself by the use of physical force (thus effectively excising the objective element of *"reasonably* believes" repeatedly employed in the statute), we decline to

follow it. In any event, under defendant's version of the incident, not even he claimed a belief that the "extent" of his use of physical force was necessary to defend himself when he continued to beat the supine victim after they had fallen to the ground (see, Penal Law § 35.15 [1]).

We are similarly unpersuaded by defendant's contention that County Court erred in denying his posttrial CPL 440.10 motion to set aside the verdict on the ground that he had been denied his right to a fair and impartial jury. CPL 270.20 (1) (a) allows challenges for cause of prospective jurors who do not meet the statutory qualifications set forth in Judiciary Law § 510. Defendant claims that he was prejudiced by a juror's failure to disclose on voir dire that he was not qualified because (1) he had previously been convicted of a crime (see, Judiciary Law § 510 [4]) and (2) he was not of good character (see, Judiciary Law § 510 [5]) since, at the time of voir dire, he was engaged in criminal conduct which was the focus of a Grand Jury investigation and which subsequently resulted in the juror's indictment and conviction. However, the prior "conviction" relied upon by defendant resulted in the juror's adjudication as a youthful offender, which "is not a judgment of conviction for a crime or any other offense" (CPL 720.35 [1]). Thus, the juror could not have been challenged for cause on that ground. Likewise, defendant has failed to submit any proof that the juror was engaging in criminal conduct at the time of the April 1983 voir dire. We take judicial notice of indictment No. 583-13, unsealed on October 7, 1983, and the juror's record of conviction, which showed that the juror was accused of engaging in criminal conduct between January 1979 and December 1982. Defendant has not established that the juror knew at the time of the voir dire that he was the target of a Grand Jury investigation or that he was asked any questions pertaining to the investigation which would have given rise to a duty on his part to reveal that information. Moreover, even if there had been any evidentiary facts supporting defendant's contentions, defendant has utterly failed to show that the alleged misconduct was prejudicial (see, CPL 440.10 [1] [f]) or resulted in a denial of his constitutional right to a fair and impartial jury (see, CPL 440.10 [1] [h]).

KANE, J. P., CASEY and MIKOLL, JJ., concur.

Judgment and order affirmed.