■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BOSTON, Appellant.—Judgment, Supreme Court, Bronx County (Robert G. Seewald, J.), rendered March 11, 1991, convicting defendant, after a jury trial, of attempted burglary in the second degree, and sentencing him, as a second felony offender, to a term of imprisonment of 3-¼ to 6-½ years, unanimously affirmed.

During *voir dire,* the court inquired of the prospective jurors whether any had persons close to them who had been arrested or charged with crimes. One juror, after close questioning by the court and both attorneys, answered that some friends from her youth had been arrested for antiwar demonstrations and for marijuana, but, after summations, informed the court

that her live-in boyfriend had just been arrested, while on parole, that he had prior felony convictions, and that she desired to be present at his arraignment the next day. Nonetheless, she was directed to appear in court the next day, whereupon an extensive inquiry was conducted *in camera.* The trial court discharged the juror as grossly unqualified (CPL 270.35), finding that she was in emotional turmoil over her boyfriend's plight, and that during the initial *voir dire* she withheld information concerning the boyfriend's felony record. There is no basis to disturb this result, the juror having withheld material facts pertinent to whether she should be challenged for cause *(see, People v Pauley,* 281 App Div 223; *People v Howard,* 66 AD2d 670). Concur—Ellerin, J. P., Asch, Kassal and Smith, JJ.