(May 18, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL GARCIA, Appellant. [626 NYS2d 778] —Judgment, Supreme Court, New York County (James Leff, J.), rendered April 12, 1993, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to 7½ to 15 years, unanimously affirmed.

Defendant's retrial was not barred on double jeopardy grounds since there was "manifest necessity" for the trial court's declaration of a mistrial after it discharged a "grossly unqualified" juror and there were no alternate jurors available (People v Tinsley, 58 NY2d 990, 992; CPL 270.35, 280.10 [3]). The record amply supports the trial court's finding that the juror " 'possesse[d] a state of mind which would prevent the rendering of an impartial verdict' " (People v Buford, 69 NY2d 290, 298; People v Boston, 182 AD2d 494, lv denied 80 NY2d 894). The juror neglected to disclose to the Judge and counsel during voir dire that he had an indictment pending in New York County, or that his arraignment was scheduled to occur on the first day of trial testimony; his status as a defendant was only discovered after he failed to appear at the trial on that day; and when confronted about the basis for his absence, he claimed to have ingested some pills given to him by his girlfriend which purportedly caused him to sleep throughout the day of his disappearance until "very late at night."

Defendant's sentence was not excessive in light of his criminal history, and despite the imposition of a lesser sentence on his codefendant who pleaded guilty and had no prior criminal record (People v Diaz, 177 AD2d 406, 407, affd 80 NY2d 780). Concur—Murphy, P. J., Ellerin, Kupferman, Ross and Mazzarelli, JJ.