■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN A. CERESOLI, Appellant. [635 NYS2d 849] —Judgment affirmed. Memorandum: County Court did not err in denying defendant's CPL 330.30 (2) motion to set aside the verdict on the ground of juror misconduct *(see, People v Clark,* 81 NY2d 913, 914; *cf., People v Brown,* 48 NY2d 388, 394; *People v Harding,* 44 AD2d 800). Furthermore, we decline to exercise our power to modify defendant's sentence as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [b]).

All concur except Balio and Boehm, JJ., who dissent and vote to reverse in the following Memorandum.

Balio and Boehm, JJ. (dissenting). We conclude that a juror gave a false and misleading answer to a question propounded by defense counsel during *voir dire* on a matter pertinent to whether he should be challenged for cause. Because the juror's misconduct "may have affected a substantial right of the defendant" (CPL 330.30 [2]), we disagree with the majority's conclusion that County Court did not err in denying the motion to set aside the verdict and for a new trial, and thus, we respectfully dissent.

Defendant was charged with criminal possession of a forged instrument and with the theft of $3,500 from the Toccolana Club, a private Italian-American social club in Rome, New York. During *voir dire,* the juror, a resident of Rome, was asked whether he was "familiar with members of the Toccolana Club". The juror responded, "I just know where it is, not really, no." The record establishes that his current father-in-law is a lifetime member of the Club and that the juror, himself, and his former father-in-law were former members of the Club

and that juror knew of those memberships. Moreover, less than two months after the trial, the juror disclosed to defendant's wife that he had learned, after talking with members of the Toccolana Club, that defendant had been hospitalized in Albany. The juror acknowledged at the CPL 330.30 hearing that he knew more about the Toccolana Club than its location.

"It is elemental that every defendant in a criminal case has a constitutional right to an impartial jury * * * The preservation of the integrity of the judicial process requires a trial by a jury above all and any suspicion of prejudice" *(People v Harding,* 44 AD2d 800, 801; *see also, Clark v United States,* 289 US 1; *People v Pauley,* 281 App Div 223, 226). Thus, in selecting a jury, counsel are entitled to truthful answers *(People v Winship,* 309 NY 311, 314). "It is only when [defendants] are armed with knowledge of the facts that they can determine whether to accept or reject a juror" *(People v Winship, supra,* at 314; *see, People v Pauley, supra,* at 226). If the answers are evasive, misleading or false, counsel is denied the opportunity to expose the bias of the juror *(see, People v Pauley, supra),* the juror is tainted and the trial is a "mere pretense and sham" *(Clark v United States, supra,* at 11). In the instant case, the false and misleading answer precluded further inquiry by defense counsel concerning a fact pertinent to whether the juror should be challenged for cause *(see, People v Boston,* 182 AD2d 494, *lv denied* 80 NY2d 894; *People v Howard,* 66 AD2d 670, 671). Even if full disclosure of the true facts may not have warranted a challenge for cause, defendant could have elected to exercise a peremptory challenge *(see, People v Howard, supra).* Under the circumstances, defendant was prejudiced by the false and misleading answer, and the court should have set aside the verdict and granted a new trial *(see, People v Boston, supra; People v Howard, supra; People v Pauley, supra).* (Appeal from Judgment of Oneida County Court, Merrell, J.—Grand Larceny, 4th Degree.) Present—Lawton, J. P., Wesley, Balio, Davis and Boehm, JJ.