OPINION OF THE COURT
Jaime A. Rios, J.
*693 A defendant is convicted of various felonies after a trial by jury. Prior to the sentencing of the defendant, his attorney ascertains that a juror had a pending criminal proceeding during the defendant’s trial. The issue presented in this postconviction motion is whether the juror’s silence amounted to misconduct.
Defendant Jeffrey Smith on September 10, 1997 was found guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), assault in the second degree (Penal Law § 120.05 [3]) and resisting arrest (Penal Law § 205.30). He now moves to set aside the verdict pursuant to CPL 330.30 (2), which provides in pertinent part:
“[a]t any time after rendition of a verdict of guilty and before sentence, the court may, upon motion of the defendant, set aside or modify the verdict * * * upon the following grounds * * *
“[t]hat during the trial there occurred * * * improper conduct by a juror * * * which may have affected a substantial right of the defendant and which was not known to the defendant prior to the rendition of the verdict”.
The controversy involves juror No. 3 in the subject prosecution. The defense counsel on October 15, 1997 observed the juror (Louis Buettel) before the Bar of justice in Part AP-5 of the Queens Criminal Court. The attorney ascertained that Mr. Buettel was present in court as a defendant in his own right. Mr. Buettel had pleaded guilty to petit larceny (Penal Law § 155.25), criminal possession of stolen property (Penal Law § 165.40) and trespass (Penal Law § 140.05), for which he was sentenced to a conditional discharge. All of the charges were misdemeanors.
The defendant contends the verdict should be set aside, inasmuch as Mr. Buettel committed juror misconduct by failing to disclose his criminal history during voir dire. Mr. Buettel was picked in the first round of jury selection. The court questioned a panel of 16 prospective jurors as follows:
question: “Has anyone close to you, such as your best friend, your maid of honor, your best man, your favorite cousin, your favorite uncle; someone very dear, that you think highly of, ever been arrested?”
Another prospective juror provided a response to the inquiry, following which the court inquired of the entire panel:
question: “Anybody else, including yourselves? Any one of you ever been falsely accused?” *694 None of the prospective jurors responded to the question.
GPL 330.40 (2) (f) provides that a hearing shall be convened with respect to the motion to set aside the verdict. The defendant has the burden of establishing by a preponderance of the evidence every fact essential to support the motion.
A hearing was convened on December 23, 1997. Mr. Buettel was the sole witness presented by the defense. He testified that he did not recall any question inquiring into his arrest record. He acknowledged his criminal record without hesitation. He averred that if he had been asked about his criminal record during voir dire he would have responded. When confronted with the record of the jury voir dire, he opined that he must have been momentarily preoccupied at that portion of the court’s questioning.
It is undisputed that the defense was unaware of the juror’s alleged misconduct until more than one month following the rendition of the verdict; however, it is equally clear that defense counsel failed to address any question to the jury panel on the issue of arrests.
To prevail upon a motion to set aside the verdict, there must be a showing that “a defendant’s substantial rights have been adversely affected by juror misconduct which would prevent a fair and due consideration of the case” (People v Phillips, 87 Misc 2d 613, 623, affd 52 AD2d 758, lv denied 39 NY2d 949). Further the defense must establish more than an irregularity upon the part of the juror and each determination must be made on a case-by-case basis. (People v Clark, 81 NY2d 913.) A remote possibility of bias does not warrant vacatur of a verdict. (People v Teitelbaum, 133 Misc 2d 392, affd 138 AD2d 647.)
In People v Childs (56 Misc 2d 581) and People v Winship (2 AD2d 952, affd 2 NY2d 944), motions to set aside the verdicts were denied based upon findings that the jurors had not been willfully evasive in responding to questions posed during voir dire. In examining the terminology utilized in the questions, it was held that the jurors’ failure to disclose that they had been members of auxiliary police forces did not constitute intentional misconduct. It was also held that no substantial rights of the defendants had been violated.
A motion to set aside the verdict was denied in People v Clark (supra), in which it was held that continued contacts between a juror and a potential alibi witness, during the trial, did not warrant the requested relief in the absence of a showing that such misconduct was inherently prejudicial.
*695 In People v Ceresoli (88 NY2d 925), it was held that the denial of the motion to vacate the verdict was proper. The Court found that the defense had not established that the failure of a juror to disclose the extent of his knowledge of a social club, from which the defendant had allegedly stolen money, constituted improper conduct. It also found that the defense had not demonstrated that a substantial right of the defendant had been affected by the juror’s failure to disclose that information.
In People v Phillips (supra), after summations but prior to the court’s charge, a hearing was held, in camera, based upon newly discovered evidence which reflected that a juror had been arrested for a misdemeanor. An adjournment in contemplation of dismissal had been granted based upon the juror’s agreement to cooperate with the prosecutor, in that action. At the hearing, the juror testified that he had not disclosed the arrest during the voir dire because he had thought that the charges against him were no longer pending. During the voir dire, no inquiry had been made as to whether he had ever been arrested. The court denied the defense’s motion for a mistrial. The juror was discharged on consent. The defense reserved its right to inquire further to determine if the jury had been tainted. After the defendant was convicted, a hearing was held regarding the latter issue. The court found that there had been no taint and that any possibility of prejudice had been prevented by the discharge of the juror. After the verdict was rendered, the prosecutor revealed that during the trial a different juror had written to the District Attorney’s Office to seek employment as an investigator. His status as a sitting juror in a criminal case in the same jurisdiction was discovered prior to summations. The prosecutors who were trying the case did not inform the court or the defense counsel of that communication until after the verdict was rendered. They did instruct their office to refrain from responding to the letter. The court denied the defense’s motion to vacate the verdict based upon misconduct by this juror. The court found that although the actions of the juror constituted misconduct, it had not been established that he had prejudged the defendant, or that he had been unable to determine his guilt or innocence based solely upon the evidence.
In Phillips (supra), the defendant contended that the fact that the alleged misconduct was not disclosed until after the verdict was rendered prejudiced the defense by depriving it of the opportunity to challenge the juror. A similar argument has *696 been raised herein. Inasmuch as the alleged misconduct had been committed after the jury had been picked, the court in Phillips considered whether the defendant had been prejudiced by the loss of his opportunity to move for the discharge of the juror. The court denied the motion to set aside the verdict. It found that discharge of the juror would not have been warranted, pursuant to CPL 270.35 (2), inasmuch as it had not been established that the misconduct was “of such import as to affect adversely the ability of the juror to sit fairly and impartially assess the issues on trial.” (People v Phillips, supra, at 630.)
In People v Garcia (215 AD2d 246), the Appellate Division, First Department, held that the trial court had properly discharged a juror as “grossly unqualified” where he had failed to disclose that he had an indictment pending in the same court and that he was scheduled to be arraigned on the first day of trial testimony. The juror failed to appear at the trial that day. When questioned about the basis for his absence he still did not disclose that he was a defendant in a criminal case in the same court. He stated that he had fallen asleep after ingesting some pills, which allegedly were given to him by his girlfriend.
In People v Boston (182 AD2d 494, lv denied 80 NY2d 894), it was held that the trial court had properly discharged a juror as “grossly unqualified” where she had initially failed to disclose that her boyfriend had just been arrested and that he had prior convictions. Although she provided the information after summations, the court found that discharge was warranted inasmuch as she had failed to disclose the arrests during the voir dire. The prospective jurors had been questioned as to whether anyone close to them had been arrested. Further, the court found that she was in emotional turmoil due to the situation involving her boyfriend.
A motion to vacate the verdict pursuant to CPL 440.10 was denied in People v Astle (117 AD2d 382, lv denied 68 NY2d 767), in which the defense claimed that a juror had committed misconduct by failing to disclose that he was not qualified to serve as a juror and that he was under investigation by a Grand Jury. The Court found that inasmuch as the juror had not been convicted, but rather had been adjudicated as a youthful offender, he was not subject to a challenge for cause upon the basis that he was unqualified to serve pursuant to Judiciary Law § 510. The Court also found that it had not been shown that, during the voir dire, the juror was aware that he *697 was the target of a Grand Jury investigation. The Court denied the motion upon those grounds and upon the failure of the defense to establish any prejudice, “even if there had been any evidentiary facts supporting defendant’s contentions” (People v Astle, 117 AD2d, at 385).
In the instant action, as in People v Astle (supra), the defendant was not subject to a challenge for cause based upon his prior convictions. The charges against him were misdemeanors, not felonies. (CPL 270.20 [1] [a]; Judiciary Law § 510.)
Inasmuch as the alleged misconduct occurred during voir dire, the applicable standard, as set forth in People v Teitelbaum (supra), is not whether his failure to disclose rendered him “grossly unqualified” to continue serving, but rather, whether “upon the facts uncovered, denial of a challenge for cause would have been error.” (People v Teitelbaum, 133 Misc 2d, at 396.)
CPL 270.20 (1) (b) provides that a challenge for cause may be made upon the ground that the prospective juror “has a state of mind that is likely to preclude him from rendering an impartial verdict based upon the evidence adduced at trial”.
The court finds that the defense has failed to meet its burden of establishing by a preponderance of the evidence that the juror committed misconduct and that there is a likelihood that a substantial right of the defendant was affected by such misconduct. At the hearing, the juror discussed his criminal record without any hesitation. His assertion that, if he had not been momentarily preoccupied during the voir dire, he would have provided the information regarding his arrests, appears credible in light of his demeanor. Further, there has been no showing whatsoever that the juror harbored any bias against the defendant, or that he was incapable of reaching a fair determination, based upon the evidence. The court would not have granted a challenge for cause had the same facts been uncovered before Mr. Buettel was seated as a juror.
In light of the foregoing, the instant motion to set aside the verdict is denied, in all respects.