■ The People of the State of New York, Respondent, v Esteban Tamayo, Appellant. [682 NYS2d 37] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered June 14, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the fifth degree (two counts), and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.

Defendant was not denied effective assistance of counsel by his trial counsel's failed strategy of deliberately deferring a *Rosario* issue until the end of trial in order to obtain a new trial,

as discussed in our prior decision (*see, People v Tamayo*, 222 AD2d 321, 322, *lv denied* 88 NY2d 886). Defendant has not shown that his counsel's failure to obtain the missing *Rosario* material for impeachment purposes deprived him of a fair trial (*see, People v Benevento*, 91 NY2d 708, 713-714; *People v Hobot*, 84 NY2d 1021, 1024).

The trial court properly determined that a sworn juror was grossly disqualified. The juror, *inter alia*, withheld, until after being sworn, material facts concerning a family member's involvement in crime (*see*, CPL 270.35; *People v Buford*, 69 NY2d 290, 298; *People v Boston*, 182 AD2d 494, *lv denied* 80 NY2d 894). Once defendant elicited from the police officer the fact that the civilian buyer stated that he purchased the drugs for $70, and attempted to use that statement to prove that defendant was not the seller, defendant opened the door to the admission into evidence of that portion of the hearsay statement wherein the civilian buyer identified defendant as the seller (*see, People v King*, 197 AD2d 440, *lv denied* 83 NY2d 855; *People v Wortherly*, 68 AD2d 158, 161-163).

The court properly denied defendant's request for a missing witness charge concerning the civilian drug buyer, since there was no evidence that the buyer was under the People's control or that the People would be expected to call him as a witness (*see, People v Gonzalez*, 68 NY2d 424, 427-431; *People v Parks*, 237 AD2d 105, *lv denied* 90 NY2d 862; *People v Jenkins*, 226 AD2d 116, *lv denied* 88 NY2d 937). The buyer's statement to the police incriminating defendant was not enough, standing alone, to create a relationship with the prosecution within the concept of "control".

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject each of them. Concur— Lerner, P. J., Ellerin, Andrias and Saxe, JJ.