■ MORGAN ORSINI, Individually and as Administrator of the Estate of SUSAN CASPER, Deceased, Respondent, v STEVEN POSTEL, as Executor of ALLEN H. POSTEL, Deceased, Appellant. [698 NYS2d 35] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 3, 1999, which, in an action for medical malpractice, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The IAS Court properly exercised its discretion in considering the supplemental physician's affirmation that plaintiff submitted, without prior court leave, in response to defendant's reply, where such affirmation was submitted well in advance of argument, the IAS Court expressly offered defendant an opportunity to respond, and it does not otherwise appear that defendant was prejudiced by the IAS Court's preference to decide this eve-of-trial motion on as full a record as plaintiff wished to make (see, Agristor Leasing v Barlow, 180 AD2d 899, 901, lv dismissed 80 NY2d 826). In any event, we reject defendant's characterization of plaintiff's initial physician's affirmation as conclusory, and find it sufficient on its own to raise a factual issue. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT RICHARDS, Appellant. [698 NYS2d 490] —Judgment, Supreme Court, Bronx County (Robert Seewald, J.), rendered September 18, 1996, convicting defendant, after a jury trial, of manslaughter in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 5 to 15 years, unanimously affirmed.

The trial court properly determined that a sworn juror was grossly unqualified. Despite several inquiries by the court during voir dire, the juror withheld information about her criminal case that was pending in the same court building. After a thorough inquiry, the court reasonably concluded from the totality of the juror's conduct and responses that this juror possessed a state of mind that would have influenced her deliberations and prevented her from rendering an impartial verdict (see, CPL 270.35; People v Buford, 69 NY2d 290, 298; People v Tamayo, 256 AD2d 98, lv denied 93 NY2d 979; People v Boston, 182 AD2d 494, lv denied 80 NY2d 894).

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Saxe, JJ.