OPINION OF THE COURT
Harold B. Beeler, J.
*868 The defendant moves pursuant to CPL 330.30 (2) to set aside the jury verdict rendered on April 5, 1999 finding the defendant guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). The sole basis for this application is the alleged improper conduct of a juror who during voir dire failed to reveal that he had a relationship with an Assistant District Attorney in New York County other than the Assistant prosecuting this case. The Assistant District Attorney who prosecuted this case first became aware of the juror’s conduct one week after the verdict was rendered, whereupon he immediately brought the information to the attention of the court and defense counsel.
On August 5, 1999, this court held a hearing during which the juror, Steven Cohen, and the Assistant District Attorney with whom the juror had the relationship, Andrew Carey, both testified. According to both witnesses, Mr. Cohen and Mr. Carey had been friends in high school, but had been out of touch between graduation in 1989 and January 1999, when Mr. Cohen returned to the United States after having worked in Japan for most of that time. In January 1999, or thereabouts, Mr. Cohen contacted Mr. Carey and arranged a lunch appointment, which took place shortly before the trial of this matter. At this lunch, the two former friends caught up on the events of the intervening 10 years, including some discussion of Mr. Carey’s work as an Assistant District Attorney in the Office of the Special Narcotics Prosecutor. A few weeks later, Mr. Cohen reported to this court as a prospective juror. He along with all of the other prospective jurors on the panel was questioned by the court as to whether he had a relationship with anyone involved in law enforcement, including the District Attorney’s office. Numerous jurors answered this question in the affirmative in Mr. Cohen’s presence. Nonetheless, Mr. Cohen, understanding the court’s inquiry and recognizing the relevance of his relationship to Mr. Carey, elected not to mention his relationship with Assistant District Attorney Carey.
Upon questioning by defense counsel, Mr. Cohen explained that he wanted to be selected as a juror on the case, and that he believed that if he disclosed his relationship with Assistant District Attorney Carey, he probably would not be selected. He went on to explain that his particular interest in this case centered on the court’s representation that this would be an extremely short trial. This appealed to Mr. Cohen, especially since he recognized that if he was not selected for this case, he would be returned to the jury pool to be interviewed for an *869 other, possibly longer case. Mr. Cohen indicated that he had absolutely no contact with Assistant District Attorney Carey during the pendency of the case, and only mentioned the case to him after the trial was concluded. Upon questioning by the court, Mr. Cohen stated unequivocally that his relationship with Assistant District Attorney Carey had absolutely no influence on his deliberations in the case.
Several days after the verdict, Mr. Cohen contacted Mr. Carey by telephone to arrange a follow-up dinner so that their wives could meet. During this phone conversation, Mr. Cohen mentioned his jury service, and upon being questioned by Mr. Carey, admitted that he had not been candid with the court about their relationship. The following day Mr. Carey spoke to his supervisors about the issue, and they immediately contacted the Assistant District Attorney prosecuting this case.
After a verdict of guilty is rendered by a jury, but before a sentence is imposed, a defendant may pursuant to CPL 330.30 move to set aside or modify the verdict on the grounds: “2. That during the trial there occurred, out of the presence of the court, improper conduct by a juror * * * which may have affected a substantial right of the defendant and which was not known to the defendant prior to the rendition of the verdict.” Unquestionably, a prospective juror has a duty to answer truthfully all questions posed to him concerning his qualifications as a juror, and he should not keep silent regarding facts which might render him unacceptable as a juror. (People v Rosen, 275 NY 627 [1937].) However, not every “misstep” by a juror will be so prejudicial that a reversal is required. (People v Brown, 48 NY2d 388, 394 [1979].) Rather, each case must be examined on its own individual facts “to determine the nature of the misconduct and the likelihood that prejudice was engendered.” (People v Clark, 81 NY2d 913, 914 [1993].)
While it must be conceded that Mr. Cohen’s deliberate failure to respond truthfully to the court’s inquiry regarding his relationships to individuals involved in law enforcement constituted juror misconduct, the question remains whether that misconduct resulted in substantial prejudice to the defendant.
In this court’s view that question was unequivocally answered by the uncontroverted testimony at the hearing. First and foremost, this juror did not have a relationship with one of the parties to this proceeding as occurred in People v Timmons (175 AD2d 10 [1st Dept 1991] [juror spoke to defendant and his alibi witness and agreed to advocate for an acquittal]); or with a testifying witness as in People v Rentz (67 NY2d 829 *870 [1986] [juror had relationship with two witnesses, one of which he characterized as intimate]). Further, unlike the juror in People v Cannady (138 AD2d 616 [2d Dept 1988]) who deliberately withheld from the court her views on police brutality, this juror’s omission, albeit improper, reflected his desire to sit on a short trial, not a bias in favor of or against either party. Lastly, in contrast to the juror in People v Landskroner (91 AD2d 755 [1982] [juror not only failed to disclose her prior drug arrest, but was evasive when confronted by the court]), this court heard and observed this juror during the posttrial hearing, and found him to be candid about the omission and credible in his unequivocal assertion that his relationship with Assistant District Attorney Carey had not in any way affected his deliberations in this case.
On these facts, the court finds that this juror’s remote relationship to an Assistant District Attorney who was not a party to the particular action to be more analogous to the situation presented in People v Ceresoli (222 AD2d 1096 [4th Dept 1995], affd 88 NY2d 925 [1996]), where the Court held that a juror’s failure to disclose that decades before the trial, he had been a member of the social club from which the defendant was accused of stealing money did not require a new trial. Similarly in Smith v Phillips (455 US 209 [1982]), the Court concluded after posttrial hearing testimony that a juror who had submitted an employment application to the District Attorney’s office during the pendency of the trial had not been biased against the defendant and had fairly deliberated upon the case.
Accordingly, this court finds that defendant has failed to establish any prejudice, substantial or otherwise, emanating from this juror’s improper, but harmless omission during voir dire. The defendant’s motion to set aside the verdict in this case is therefore denied.