■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY BRUTON, Appellant. [735 NYS2d 759] —Judgment,

Supreme Court, New York County (William Wetzel, J.), rendered March 13, 2000, convicting defendant, after a jury trial, of burglary in the first degree, robbery in the second degree and sexual abuse in the first degree, and sentencing him to an aggregate term of 6 to 12 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The jury could properly credit the victim's version of her sexual attack by defendant in the stairwell of her building, rather than defendant's version of the encounter.

Defendant's application made pursuant to *Batson v Kentucky* (476 US 79) was properly denied. Although the court asked the prosecutor for a race-neutral explanation of a peremptory challenge to a prospective alternate juror, the court never withdrew its original determination that there was no prima facie case of discrimination (*see, People v Bowen*, 286 AD2d 645; *People v Ocasio*, 253 AD2d 720, *lv denied* 92 NY2d 1036), a ruling that is supported by the record (*see, People v Jenkins*, 84 NY2d 1001; *People v Childress*, 81 NY2d 263, 267). Furthermore, with respect to the prospective alternate juror at issue, the court's demeanor-based finding that the prosecutor's explanation was not pretextual is supported by the record and entitled to great deference (*see, People v Hernandez*, 75 NY2d 350, *affd* 500 US 352). Defendant's remaining *Batson* arguments are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

We have considered and rejected defendant's remaining claims. Concur—Sullivan, J.P., Rosenberger, Lerner, Rubin and Buckley, JJ.