■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, Appellant. [737 NYS2d 846] —Judgment, Supreme Court, New York County (Harold Beeler, J.), rendered January 20, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as second felony offender, to a term of 6 to 12 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 5 to 10 years, and otherwise affirmed.

The court properly denied defendant's motion to set aside the verdict based on juror misconduct. There is no basis upon which to disturb the court's determinations concerning credibility. As explained in the court's decision (183 Misc 2d 867), the juror's concealment of information during voir dire did not cause any prejudice that would entitle defendant to a new trial.

The prosecutor's isolated summation remark concerning the reaction of the defense witnesses to defendant's arrest, when viewed in context, did not draw an inference of guilt and did not deprive defendant of a fair trial (*see*, *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

The court properly found that defendant did not establish a prima facie case of discrimination in the first round of jury selection and properly denied defendant's application made pursuant to *Batson v Kentucky* (476 US 79) as to that round. Defendant's *Batson* challenge was based on minimal and uncorroborated statistical evidence that did not warrant an inference of intentional discrimination (*see, People v Jenkins*, 84 NY2d 1001). Defendant's claim that the court's finding of a pattern of discrimination in a subsequent round of jury selection required the same conclusion as to the first round is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*see, People v Davis*, 251 AD2d 137, *lv denied* 92 NY2d 895).

We find the sentence excessive to the extent indicated.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Williams, J.P., Mazzarelli, Ellerin, Lerner and Rubin, JJ. [*See* 183 Misc 2d 867.]