■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENAM HALL, Appellant. [738 NYS2d 206] —Judgment, Supreme Court, New York County (John Cataldo, J.), rendered April 19, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds (two counts), criminal sale of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

Defendant's application pursuant to *Batson v Kentucky* (476 US 79) was properly denied. The record supports the court's finding that the prosecutor's demeanor-based explanation for challenging the juror in question was not pretextual, a finding

that is entitled to great deference (*People v Garraway*, 284 AD2d 262, *lv denied* 97 NY2d 656). Defendant's challenge to the procedure employed by the court in making its *Batson* ruling is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court properly exercised its discretion in affording the People an opportunity to expand upon their reasons for exercising the peremptory challenge.

The court properly discharged a sworn juror who had failed to disclose a medical condition that had an impact on her ability to concentrate and who had also failed to disclose her sister's boyfriend's drug-related conviction and the fact that its similarity to the case on trial was causing emotional distress affecting her ability to serve (*see, People v Richards*, 267 AD2d 18, *lv denied* 94 NY2d 883; *People v Tamayo*, 256 AD2d 98, *lv denied* 93 NY2d 979; *People v Miller*, 247 AD2d 208). Concur—Mazzarelli, J.P., Ellerin, Lerner, Rubin and Marlow, JJ.