THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH RIVERA, Appellant. [764 NYS2d 880] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered November 2, 2000, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court's *Sandoval* compromise (*see People v Sandoval,* 34 NY2d 371 [1974]) properly apprised the defendant of the extent of cross-examination into his prior convictions that would be permitted in the event that he chose to testify (*see People v Kostaras,* 255 AD2d 602 [1998]; *People v Penafiel,* 247 AD2d 411 [1998]; *People v Hooker,* 245 AD2d 528 [1997]; *People v Kelland,* 208 AD2d 954 [1994]).

The complainant failed to make an in-court identification of the defendant. Considering the passage of time since the assault, as well as changes in the defendant's appearance, the Supreme Court properly admitted testimony relating to the complainant's identification of the defendant at a lineup conducted the same day as the assault (*see* CPL 60.25; *People v Hernandez,* 154 AD2d 197 [1990]).

The Supreme Court's determination that the prosecutor provided credible race-neutral and non-pretextual explanations for the exercise of peremptory strikes against potential jurors based, in part, on their physical demeanor is supported by the record and is entitled to great deference (*see People v Hernandez,* 75 NY2d 350, 356-357 [1990], *affd* 500 US 352 [1991]; *People v Fuller,* 302 AD2d 405 [2003], *lv denied* 99 NY2d 654 [2003]; *People v Pellington,* 294 AD2d 197 [2002]; *People v Hall,* 292 AD2d 166 [2002]; *People v Bruton,* 290 AD2d 231, 232 [2002]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Florio, J.P., Feuerstein, Crane and Rivera, JJ., concur.