■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT INGRAM, Appellant. [770 NYS2d 718]—

Judgment, Supreme Court, New York County (Dora Irizarry, J.), rendered October 19, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance on or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years, unanimously affirmed.

The court did not deprive defendant of his right to a public trial when it ruled, over defendant's objection, that the wife of a juror would be excluded from the courtroom during the testimony of an undercover officer on the ground that the juror's

wife was a member of the general public, to whom the courtroom was closed. Defendant concedes that the People had already made a sufficient showing to warrant closure to the general public, but argues that denial of an exception for the juror's wife, without any showing that she personally posed a threat to the undercover officer, made the closure order broader than necessary and disregarded a reasonable alternative (*see Waller v Georgia,* 467 US 39 [1984]). We find nothing in *Waller* that would require a court that has already made a valid exclusion of the general public to also make, at a defendant's request, particularized findings as to each individual spectator who wishes to attend, regardless of any relationship between the spectator and the defendant (*compare People v Nieves,* 90 NY2d 426, 430 [1997] ["special concern" for defendant's family]). "There is no requirement that the prosecution must prove that particular individuals likely to attend the trial will disclose the officer's identity" (*Ayala v Speckard,* 131 F3d 62, 72 [1997], *cert denied* 524 US 958 [1998]). We note in any event that the juror's wife expressed only a general interest in seeing a sample trial for educational purposes, and that she was simply referred to another trial in a nearby courtroom.

The court's minimal restrictions on defendant's cross-examination of prosecution witnesses and his direct examination of his own witness were proper exercises of discretion that did not deprive defendant of his rights to confront witnesses and to present his defense (*see Delaware v Van Arsdall,* 475 US 673, 678-679 [1986]; *Crane v Kentucky,* 476 US 683, 689-690 [1986]). Defendant received a full opportunity to advance his defense, which was that he had sold what he believed to be imitation drugs. Each of the excluded matters was cumulative to similar information already before the jury, and none of these matters was particularly probative of defendant's chosen defense or likely to affect the verdict.

The isolated summation remark by the prosecutor that defendant challenges on appeal did not deprive defendant of a fair trial, given the court's instruction (*see People v D'Alessandro,* 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

Were we to find that a readback of testimony in response to a jury note was deficient, we would find that the failure to read back everything called for by the note did not "seriously prejudice[ ]" defendant (*People v Lourido,* 70 NY2d 428, 435 [1987]) because the omitted testimony was insignificant and provided little support for defendant's defense.

We perceive no basis to reduce the sentence. Concur—Buckley, P.J., Tom, Ellerin and Marlow, JJ.