■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BALAL AHMR, Appellant. [804 NYS2d 331]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered May 12, 2003,

convicting him of gang assault in the first degree, assault in the first degree, assault in the second degree (two counts), and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (O'Dwyer, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the showup identification procedure was not unduly suggestive (*see People v Jackson,* 7 AD3d 813, 814 [2004]; *People v Little,* 290 AD2d 291, 292 [2002]; *People v Serrano,* 219 AD2d 508 [1995]).

An arrest photograph may be admitted into evidence in order to establish that a defendant's appearance was different at the time of the commission of the crime than at trial (*see People v Bowels,* 220 AD2d 605, 606 [1995]). Since the arrest photograph at issue, which depicted the defendant and some of his codefendants smiling, was admitted into evidence in order to establish the change in the defendant's appearance rather than to establish consciousness of guilt, the admission of the photograph was proper (*cf. People v Basora,* 75 NY2d 992, 993-994 [1990]).

The defendant failed to preserve for appellate review his contention that the Supreme Court erroneously denied the severance motion of a codefendant, since he did not join in the codefendant's motion nor did he make any such motion on his own behalf (*see People v Santiago,* 204 AD2d 497 [1994]). In any event, where proof against multiple defendants "is supplied by the same evidence, only the most cogent reasons warrant a severance" (*see People v Bornholdt,* 33 NY2d 75, 87 [1973], *cert denied sub nom. Victory v New York,* 416 US 905 [1974]; *People v Mahboubian,* 74 NY2d 174, 183 [1989]; *People v Hernandez,* 260 AD2d 399, 400 [1999]). Under the circumstances presented here, a joint trial was appropriate.

A defendant's right to present a complete defense is not violated by a court's properly placed limitations upon the defendant's ability to introduce evidence, particularly where the excluded evidence is merely cumulative to evidence that has already been admitted (*see People v Ingram,* 3 AD3d 437, 438 [2004]). Here, in addition to the fact that the Supreme Court properly granted the prosecutor's motions to strike a codefendant's answers to certain questions on the ground that the questions were leading, the stricken testimony was also cumulative. Accordingly, the defendant's contention that he was deprived of the opportunity to present a complete defense based upon these stricken answers is without merit.

Contrary to the defendant's contentions, the Supreme Court properly determined that a sworn juror was grossly unqualified to serve. The record reveals that the juror withheld information about his criminal history, and when he ultimately did come forward with such information after he was sworn, his account of his conviction was misleading. Under the circumstances, the Supreme Court properly discharged the juror pursuant to CPL 270.35 (*see People v Payton,* 279 AD2d 483 [2001]; *People v Richards,* 267 AD2d 18 [1999]; *People v Tamayo,* 256 AD2d 98, 99 [1998]).

The defendant's remaining contentions are either unpreserved for appellate review or are without merit. Crane, J.P., Santucci, Mastro and Dillon, JJ., concur.