■ The People of the State of New York, Respondent, v Sakib Chowdhury, Appellant. [802 NYS2d 252]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered April 7, 2003, convicting him of gang assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although a witness was unable to make an in-court identification of the defendant, in light of the passage of time and the change in appearance of the defendant between the commission of the crime and the time of the trial, the Supreme Court properly admitted testimony relating to that witness's identification of the defendant during a showup identification procedure conducted the same day as the commission of the crime (*see* CPL 60.25; *People v Rivera,* 308 AD2d 602, 603 [2003]).

Contrary to the defendant's contentions, the Supreme Court properly determined that the defendant failed to make a prima facie showing that the prosecution exercised its peremptory challenges in a discriminatory manner (*see Batson v Kentucky,* 476 US 79 [1986]; *People v Thomas,* 302 AD2d 616, 617 [2003]). Despite the defendant's argument that the prosecution established a pattern of striking black female jurors, the defendant failed to establish other facts or circumstances to support his claim of racial bias (*see People v Devorce,* 293 AD2d 550 [2002]).

The defendant's contention that the People failed to prove his identity as a participant in the gang assault and that he acted with the intent to cause serious physical injury by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to prove the defendant's identity as a participant in the gang assault beyond a reasonable doubt. Further, contrary to the defendant's contention, the People were not obligated to show that the defendant or his accomplices had the intent to use a knife or other weapon in order to cause the serious physical injury to the victim, as the evidence of the group's repeated kicking and punching of the victim, even after the victim was bleeding, demonstrated the intent to cause serious physical injury. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Crane, J.P., Santucci, Mastro and Dillon, JJ., concur.