■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR MINUS, Appellant. [833 NYS2d 16]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered June 24, 2005, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The court responded meaningfully to the deliberating jury's request for a readback of testimony regarding the charge against an accomplice resulting from the incident at issue (*see People v Almodovar*, 62 NY2d 126, 131-132 [1984]). Even if we were to conclude that the court misunderstood the request, there was no serious prejudice to defendant because the additional testimony that defendant asked the court to include in the readback would have provided little support for his defense (*see People v Ingram*, 3 AD3d 437, 438 [2004], *lv denied* 2 NY3d 801 [2004]).

The court properly permitted the prosecutor to inquire, in the event defendant were to testify, about defendant's admitted lie to the criminal justice agency. That the court may have mistakenly stated that *People v Sandoval* (34 NY2d 371 [1974]) does not apply to that type of prior misconduct does not render the ruling improper, since the record nevertheless reflects a proper balancing of the appropriate factors. In any event, were we to find any error, we would find it to be harmless (*see People v Grant*, 7 NY3d 421, 424 [2006]).

We perceive no basis for reducing the sentence. Defendant's contention that the court considered an inappropriate factor in imposing sentence is unpreserved (*see People v Harrison*, 82 NY2d 693 [1993]), and we decline to reach it in the interest of justice. Concur—Andrias, J.P., Marlow, Nardelli, Sweeny and McGuire, JJ.