People v Esquilin (2019 NY Slip Op 05630)





People v Esquilin


2019 NY Slip Op 05630


Decided on July 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2019

Friedman, J.P., Richter, Tom, Oing, Moulton, JJ.


3109/14 -9860 9859 9858

[*1]The People of the State of New York, Appellant,
v
Rafael Esquilin, Defendant-Respondent.
The People of the State of New York, Respondent,
v
Rafael Esquilin, Defendant-Appellant.


Cyrus R. Vance, Jr., District Attorney, New York (Sylvia Wertheimer and Dana Poole of counsel), for appellant/respondent.
Christina Swarns, Office of The Appellate Defender, New York (Kami Lizarraga of counsel), respondent/appellant.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered October 22, 2015, convicting defendant, after a jury trial, of manslaughter in the first degree, assault in the first degree and gang assault in the first degree, and sentencing him to concurrent terms of 25 years, unanimously modified, on the law, to the extent of vacating the sentence and remanding for a persistent felony offender determination, and otherwise affirmed.
Defendant has not established that he was prejudiced by the People's midtrial decision to impeach defense evidence to a more limited extent than the court and parties had originally contemplated. A separately tried and convicted codefendant, who did not testify at defendant's trial, had made a postarrest statement to the police that was somewhat exculpatory of defendant. At both of the codefendant's two trials (the first of which resulted in a partial verdict), the codefendant gave self-exculpatory testimony that tended to contradict his own postarrest statement. At the instant defendant's trial, the court granted defense counsel's request to introduce the codefendant's postarrest statement, and also granted the People's request to impeach that statement by way of the codefendant's testimony at both trials. However, the People ultimately used only the testimony from the codefendant's first trial, asserting that they had no need for the testimony at the second trial because it was lengthy and cumulative. Defense counsel objected to the People's omission of the testimony from the second trial, claiming that the People's cross-examination of the codefendant at the second trial based on the postarrest statement was more effective than at the first trial, so that the second cross-examination was helpful to the instant defendant because it tended to enhance the credibility of the postarrest statement, which, as noted, was somewhat exculpatory of defendant.
On appeal, defendant claims he relied to his detriment on the People's original request to use the testimony from both trials. However, defendant has not shown that he took "irremediable steps in reliance on" the People's original choice of impeachment material, or that their modification of that choice "impede[d] the defense strategy" (People v Cummings, 31 NY3d 204, 209 [2018]). In the first place, the court only permitted, but did not require, the People to use the [*2]testimony from both trials, and the People never made an unequivocal or irrevocable promise to do so. Furthermore, defense counsel clearly wanted to introduce the postarrest statement, and at the time he requested permission to do so, there had been no discussion of any possible impeachment. Moreover, when the People ultimately announced that they were not going to use the testimony from the codefendant's second trial, defense counsel never suggested that had he known this would be the case, he would not have introduced the postarrest statement to begin with. We have considered and rejected defendant's remaining arguments on this issue, including his constitutional claims.
The court responded meaningfully to the jury's request for a readback of a specified portion of the cross-examination of a witness (see People v Almodovar, 62 NY2d 126, 131 [1984]; People v Malloy, 55 NY2d 296 [1982], cert denied 459 US 847 [1982]), and it properly declined to have the entire cross-examination read back (which was the only relief requested). The court was not obligated to go beyond the jury's specific request (see People v Nuckols, 167 AD3d 473, 474 [1st Dept 2018], lv denied 32 NY3d 1208 [2019]), and there is no indication that the court's response to the note caused any prejudice (see People v Lourido, 70 NY2d 428, 435 [1987]; People v Ingram, 3 AD3d 437 [1st Dept 2004], lv denied 2 NY3d 801 [2004]).
The court providently exercised its discretion in admitting maps of cell site data, which tended to show the pattern of movement of participants in the crime and aided the jury in understanding the relevance of the cell phone records in evidence (see generally People v Williams, 148 AD3d 620 [1st Dept 2017], lv denied 30 NY3d 984 [2017]). The maps were not misleading, because the testimony of the authenticating witnesses, elicited on direct and cross-examination, clarified that the symbols on the maps referred to the locations of cell towers, rather than the locations of particular persons or phones.
Defendant's legal sufficiency claim is unpreserved, notwithstanding his postverdict motion, which had no preservation effect (see People v Padro, 75 NY2d 820, 821 [1990]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The testimony of an accomplice was amply corroborated, and there is no basis for disturbing the jury's credibility determinations. The evidence, including, among other things, the passing of a knife to the stabber in defendant's presence shortly before the crime, supports a reasonable inference that defendant, with at least the intent to cause serious physical injury, directed a gang subordinate to commit a revenge-motivated stabbing. We find unpersuasive defendant's suggestion that he may have only ordered some unspecified, less violent act of retaliation.
Except as already discussed, defendant did not preserve any of his additional arguments relating to the readback and the cell site data, as well as his challenges to testimony about gang activity, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. We have considered and rejected defendant's various arguments on the subject of preservation or lack thereof, including his claim that trial counsel rendered ineffective assistance by failing to preserve certain issues (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
On the People's cross appeal, we find that the sentencing court's application of People v Catu (4 NY3d 242 [2005]) as the basis for disqualifying defendant's violent felony convictions as predicate felonies was invalidated by People v Smith (28 NY3d 191 [2016]). Accordingly, it was unlawful to sentence defendant, who appears to be a persistent violent felony offender, as a first felony offender on that invalid ground. Defendant's procedural arguments on this issue are unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 11, 2019
CLERK