■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DEUTSCH, Appellant. [653 NYS2d 923] —Judgment, Supreme Court, New York County (Harold Beeler, J.), rendered June 11, 1996, convicting defendant, after a jury trial, of grand larceny in the third degree and commercial bribery in the first degree, and sentencing him to a term of intermittent imprisonment of 6 months, 500 hours of community service and $25,000 in restitution, unanimously affirmed. The matter is remanded to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The trial court properly exercised its discretion in determining that the evidence offered by defendant, purporting to suggest that an attorney formerly employed by his firm may have removed documents from a special set of files in order to "frame him", was simply not probative of the proposition it was offered to support (*see, People v Romer*, 203 AD2d 206, *lv denied* 83 NY2d 971; *People v Castro*, 200 AD2d 359, *lv denied* 82 NY2d 923). Indeed, even if the evidence had some relevant probative value, it was so minimal, and the evidence of guilt so overwhelming, that its exclusion could not have influenced the outcome, and any error would, therefore, be harmless.

Defendant's request to introduce five tape-recorded conversations between a defense witness and a defense investigator, purportedly to rehabilitate the witness, was properly denied since, even assuming that the prosecutor's questions intimated that the witness had fabricated her testimony in an attempt to gain a free trip to New York to appear in court, defendant never established that the alleged prior consistent statements predated the time when the witness acquired the supposed motive to falsify (*see, People v Seit*, 86 NY2d 92, 96).

The court's denial of defendant's request to introduce into

evidence several amended bills of particulars, which reflected the reduction of the number of accounts the prosecution had claimed were fraudulent, was proper since they were not relevant to the credibility of witnesses, but merely reflected the prosecution's strategy. In any event, defendant was able to present this theory to the jury.

No *Brady* violation occurred since the alleged innocent explanation for the bribe payments which defendant contends was withheld by the prosecution only provided an explanation for payments made to the recipient of the bribes well after the period covered by the offenses charged in the indictment, and thus could not have exonerated defendant.

Defendant's remaining arguments are without merit. Concur—Murphy, P. J., Rosenberger, Ellerin and Nardelli, JJ.