■ The People of the State of New York, Respondent, v David Masas, Appellant. [664 NYS2d 85] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered January 29, 1996, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

This appeal arises out of an incident wherein the defendant demanded money from his employer at gunpoint. Immediately thereafter, the employer ran to a pay telephone located just outside of his place of business and made an emergency telephone call to police reporting the incident.

Contrary to the defendant's contention, the court properly determined that the tape of his employer's emergency telephone call was admissible as an excited utterance. There was sufficient evidence in the record to conclude that the statement was made spontaneously, under the stress of a startling event, and "not made under the impetus of studied reflection" (*People v Edwards,* 47 NY2d 493, 497; *see also, People v Vasquez,* 88 NY2d 561), and admission of the tape did not constitute improper bolstering of the complainant's testimony (*see, People v Buie,* 86 NY2d 501).

The court also properly ruled at the *Sandoval* hearing that, if the defendant testified at trial, the People could cross-examine him about the fact that he was convicted of a felony and the date of that felony but could not inquire into the nature or the underlying circumstances of the prior conviction. In arriving at this ruling, the court balanced the probative worth of the evidence against the prejudicial effect it might have on the jury and the possibility that its admission might unfairly deter the defendant from testifying at trial (*see, People v Rahman,* 46 NY2d 882; *People v Sandoval,* 34 NY2d 371, 378). Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur.