■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HOOKER, Appellant. [666 NYS2d 36] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered March 30, 1995, convicting him of burglary in the first degree (three counts), attempted robbery in the first degree, assault in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court's Sandoval ruling provided the defendant with sufficient information to make an informed decision as to whether to testify at trial (see, People v Sandoval, 34 NY2d 371).

We find no merit to the defendant's contention that the trial court erred by curtailing his cross-examination of the complainant Peter Alvarez. It is within the trial court's wide latitude and broad discretion to limit the scope of cross-examination of witnesses concerning collateral matters designed to impeach credibility (see, People v Daniels, 225 AD2d 632). The issue of whether the complainant may have entered into a cooperation agreement with the District Attorney's office in connection with a previous conviction is unrelated to the complainant's credibility since the complainant did not testify at the present trial pursuant to any alleged agreement (cf., Giglio v United States, 405 US 150; People v Novoa, 70 NY2d 490).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Sullivan, Santucci and Lerner, JJ., concur.