■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY F. CHICHESTER III, Appellant. [669 NYS2d 935] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered June 28, 1994, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions regarding the legal sufficiency of the evidence are unpreserved for appellate review (see, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Artis, 220 AD2d 441, 442). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The admission as an excited utterance of the audiotape of the emergency telephone call reporting the discovery of the corpse was proper (see, People v Buie, 86 NY2d 501; People v Masas, 244 AD2d 433; People v Palmer, 237 AD2d 311; People v Vasquez, 88 NY2d 561, 579). Here, the evidence showed that the emergency call was made as soon as the caller was able to reach a working telephone.

The court providently exercised its discretion in restricting the defense counsel from cross-examining the prosecution's witnesses regarding a State Investigation Commission report on the ground that the report concerned collateral issues (see, People v Scarola, 71 NY2d 769, 777; People v McGriff, 201 AD2d 672). The cross-examination thwarted by the trial court was to consist of nothing more than disparaging questions bearing on police credibility but irrelevant to the issues of the defendant's guilt (see, People v Ashner, 190 AD2d 238).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Copertino, J. P., Altman, Florio and Luciano, JJ., concur.