■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v APRIL TEJADA, Appellant. [671 NYS2d 755] —Judgment, Supreme Court, New York County (Alfred Kleiman, J.), rendered July 12, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing her, as a second felony offender, to a term of 4½ to 9 years and to a conditional discharge, respectively, unanimously affirmed.

The evidence that defendant steered the undercover officer to an accomplice for the purchase of cocaine, signaled the accomplice by a nod of the head that prompted the accomplice to display drugs, stood at arm's length from the undercover officer and the accomplice and looked up and down the street during the transaction, and was apprehended in the company of the accomplice when the backup team arrived minutes after the sale, was legally sufficient to prove defendant's guilt of criminal sale of a controlled substance in the third degree (*see*, *People v Thomas*, 227 AD2d 196, *lv denied* 88 NY2d 943), and the verdict was not against the weight of the evidence. Defendant's accessorial liability was not negated by the fact that she did not possess any of the buy money upon arrest, or that she remained silent during the transaction (*supra*).

The court provided ample scope of cross-examination as to all relevant subjects. The court appropriately exercised its discretion in precluding cross-examination of the police witnesses calling for speculation regarding the extent of defendant's drug use and involving irrelevant matters regarding unrelated arrests and police procedure (*see*, *People v McGriff*, 201 AD2d 672, *lv denied* 83 NY2d 913). The court also appropriately exercised its discretion in limiting cross-examination of the po-

lice witnesses regarding recording devices that might have been utilized herein, as calling for improper speculation and as irrelevant to the issues before the jury (*see, People v Andrades*, 186 AD2d 449, *lv denied* 81 NY2d 836), and in precluding elicitation of testimony that the case against the accomplice was dismissed, which purportedly suggested a motive for the police to falsify the case against defendant, as the matter was simply "not probative of the proposition it was offered to support" (*People v Deutsch*, 235 AD2d 330, *lv denied* 89 NY2d 984).

Defendant was not entitled to a jury charge regarding agency since there was no reasonable view of the evidence supporting the theory that defendant was acting only on behalf of the buyer (*People v Herring*, 83 NY2d 780, 782). Concur—Milonas, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.