■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN MYLES, Appellant. [722 NYS2d 411] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered December 10, 1998, convicting him of robbery in the second degree (four counts), criminal mischief in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court failed to properly instruct the jurors that they need not surrender their conscientiously-held beliefs when it gave a supplemental instruction after the jury initially returned a defective verdict. That contention is unpreserved for appellate review (*see, People v Kendrick,* 256 AD2d 420; *People v Penafiel,* 247 AD2d 411) and, in any event, is without merit (*see, People v Jolly,* 282 AD2d 474 [decided herewith]).

The Supreme Court providently exercised its discretion in not permitting the defendant's alibi witness to testify (*see,* CPL 250.20; *People v Aviles,* 234 AD2d 466). Further, to the extent that the witness's proposed testimony would not involve an alibi, the Supreme Court properly excluded it because it was not probative of any material fact (*see, People v Aska,* 91 NY2d 979). The Supreme Court also providently exercised its discretion in denying the defendant's application to recall a prosecution witness to question her regarding collateral matters (*see,*

*People v Aska, supra*; *People v Chichester,* 248 AD2d 629; *People v Hooker,* 245 AD2d 528).

The Supreme Court properly imposed a determinate sentence of imprisonment upon each of the defendant's convictions of robbery in the second degree (*see,* Penal Law § 70.06 [6] [b]).

The defendant's remaining contentions are either without merit or do not require reversal. Santucci, J. P., Altman, Florio and Luciano, JJ., concur.