■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WADDELL SMITH, Appellant. [755 NYS2d 600] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered September 25, 2000, convicting defendant, after a jury trial, of robbery in the first degree (four counts), robbery in the second degree (two counts) and criminal possession of a weapon in the second and third degrees, and sentencing him, as a persistent violent felony offender, to an aggregate term of 22 years to life, unanimously affirmed.

The court properly found two defense peremptory challenges to be pretextual and seated the jurors. The record of jury selection as a whole supports the court's credibility-based determination, which is entitled to great deference (*People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). Defendant's uneven application of strikes with respect to one of the jurors at issue, and his citation of a highly remote factor in the other juror's background, support an inference of a discriminatory purpose.

The court properly exercised its discretion in precluding defendant from cross-examining a police witness about the absence of fingerprint evidence, since this line of inquiry was collateral, unsupported by any evidence, and likely to cause confusion and speculation on the part of the jury (*see People v Tejada*, 249 AD2d 208 [1998], *lv denied* 92 NY2d 906 [1998]). Defendant was not deprived of his right to cross-examine witnesses and present a defense (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent count (*see People v Daughtry*, 298 AD2d 184 [2002], *lv denied* 99 NY2d 534 [2002];

*People v Spence*, 290 AD2d 223 [2002], *lv denied* 98 NY2d 641 [2002]; *People v Kulakov*, 278 AD2d 519 [2000], *lv denied* 96 NY2d 785 [2001]).

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Nardelli, J.P., Buckley, Rosenberger and Marlow, JJ.