THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN DIAZ, Appellant. [825 NYS2d 51]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered May 17, 2004, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

To the extent there was any error in the court's refusal to dismiss a depraved indifference murder count (see *People v Suarez*, 6 NY3d 202 [2005]), there is no basis for reversal because the jury only convicted defendant of intentional murder (see *People v Griffin*, 28 AD3d 578, 579 [2006], *lv denied* 7 NY3d 789 [2006]; see also *People v Brown*, 83 NY2d 791, 794 [1994]). Although defendant nevertheless claims prejudice, there is no support for his argument that the submission of the depraved indifference count adversely affected his counsel's summation. Counsel argued in summation that the evidence failed to establish his identity as the person who killed the victim, and argued,

alternatively, that had he been the killer he would have been unable to form homicidal intent because of his drug intoxication. The decision to employ alternative defenses, and the amount of time to spend on each of these defenses, were matters of counsel's choice, and there is no indication that the presence of the depraved indifference count affected either of these choices.

The court properly exercised its discretion in admitting into evidence three photographs of the victim's body, which, notwithstanding their gruesome aspects, tended to prove defendant's homicidal intent (*see People v Wood*, 79 NY2d 958, 960 [1992]; *People v Alvarez*, 3 AD3d 456, 457 [2004], *lv denied* 2 NY3d 761 [2004]) and also corroborated the testimony of the witnesses to whom defendant had shown the deceased's body (*see People v Byrd*, 303 AD2d 184 [2003], *lv denied* 100 NY2d 641 [2003]). Concur—Saxe, J.P., Sullivan, Williams, Sweeny and Malone, JJ.