■ The People of the State of New York, Respondent, v Torin Williams, Appellant. [833 NYS2d 160]—Appeal by the defendant from a judgment of the County Court, Rockland County (Resnik, J.), rendered March 4, 2003, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's warrantless arrest inside a house was justified under the exigent circumstances exception to the *Payton* rule (*see Payton v New York*, 445 US 573 [1980]; *People v Scott,* 6 AD3d 465 [2004]).

To the extent that the defendant argues that the evidence was legally insufficient to establish his guilt of criminal possession of a weapon in the second degree and criminal possession

of a weapon in the third degree, the issue is unpreserved for appellate review, since the defense counsel made only a general motion to dismiss at the close of the People's case (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Anthony*, 21 AD3d 903, 903-904 [2005]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Gonzalez*, 193 AD2d 360, 361 [1993]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The failure to raise an objection to the remarks made by the prosecutor on summation renders the defendant's claim that he was denied his right to a fair trial unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Garner*, 27 AD3d 764 [2006]). In any event, the comments alleged to be inflammatory and prejudicial were all either fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105 [1976]), responsive to arguments and theories presented in the defense summation (*see People v Galloway*, 54 NY2d 396 [1981]), or harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins*, 36 NY2d 230, 241 [1975]).

The failure to either request specific instructions with regard to a jury charge or to timely object to the charge as given renders the defendant's claim that he was denied his right to a fair trial as a result of the court's instruction unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Edwards*, 292 AD3d 393, 394 [2002]). In any event, when considered as a whole, the charge sufficiently conveyed the correct standard (*see People v Fields*, 87 NY2d 821, 823 [1995]).

The defendant's claim that he was denied the effective assistance of counsel is without merit (*see People v Benevento*, 91 NY2d 708, 713 [1998]). Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.