■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MUHAMAD AHDIL, Appellant. [856 NYS2d 615]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered January 3, 2007, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to concurrent terms of six years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility, and the minor inconsistencies in testimony do not warrant a different conclusion.

The court providently exercised its discretion in limiting defendant's cross-examination about whether the police could have used additional investigative devices since such questions called for improper speculation and were irrelevant to the issues before the jury (*see e.g. People v Smith*, 303 AD2d 206 [2003], *lv denied* 100 NY2d 543 [2003]; *People v Tejada*, 249 AD2d 208 [1998], *lv denied* 92 NY2d 906 [1998]; *People v Smith*, 204 AD2d 140, 141 [1994], *lv denied* 84 NY2d 872 [1994]). Defendant's related challenges to the court's comments and jury instructions and his constitutional claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Defendant received a full opportunity to advance a defense that challenged the sufficiency of the People's proof. The court's instructions during voir dire and comments during cross-examination did not direct the jury to disregard the absence of further investigative steps or undermine defendant's summation arguments concerning the lack of evidence (*see People v Jiovani*, 258 AD2d 277 [1999], *lv denied* 93 NY2d 900 [1999]), and its final charge adequately explained that a reasonable doubt can arise from such a lack.

We perceive no basis to reduce the three-year period of postrelease supervision. Concur—Lippman, P.J., Saxe, Buckley and Acosta, JJ.