■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARGELIS ROSARIO, Appellant. [953 NYS2d 299]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered November 13, 2008, convicting him of course of sexual conduct against a child in the first degree (two counts), course of sexual conduct against a child in the second degree, endangering the welfare of a child, and bail jumping in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with sexually abusing his cousin, who was eight years younger than the defendant, over the course of approximately six years. The evidence admitted at trial included the defendant's written and videotaped statements, wherein he described five incidents of sexual conduct with the victim. After a jury trial, the defendant was convicted of course of sexual conduct against a child in the first degree (two counts), course of sexual conduct against a child in the second degree, endangering the welfare of a child, and bail jumping in the second degree.

Contrary to the defendant's contention, the Supreme Court, after a *Frye* hearing (*see Frye v United States*, 293 F 1013 [1923]), providently exercised its discretion in precluding expert testimony on the issue of false confessions and the use of undue influence in police interrogations because the proposed testimony was not relevant to the specific circumstances of this case (*see People v Bedessie*, 19 NY3d 147 [2012]; *see generally People v LeGrand*, 8 NY3d 449, 452 [2007]; *People v Lee*, 96 NY2d 157, 162 [2001]; *People v Allen*, 53 AD3d 582, 584 [2008]).

Moreover, there is no merit to the defendant's contentions that the testimony of the victim's cousin, to whom the victim first reported the abuse approximately two years after the abuse ended, and the victim's uncle, who then revealed the victim's claims to the victim's immediate family members, including a New York City police officer, constituted improper bolstering. Although these family members had no firsthand knowledge of the events about which the victim would testify, the nonspecific testimony about the child-victim's reports of sexual abuse did not constitute improper bolstering, as it was offered for the relevant, nonhearsay purpose of explaining the investigative process and completing the narrative of events leading to the defendant's arrest more than two years after the abuse occurred (*see People v Terry*, 85 AD3d 1485, 1488 [2011]; *People v Manning*, 81 AD3d 1181, 1183 [2011], *lv denied* 18 NY3d 959 [2012]; *People v Gregory*, 78 AD3d 1246 [2010]; *People v Ragsdale*, 68 AD3d 897, 897-898 [2009]). Further, the testimony was accompanied by an appropriate limiting instruction, which is presumed to have been heeded (*see People v Hayes*, 17 NY3d 46, 56 [2011], *cert denied* 565 US —, 132 S Ct 844 [2011]).

The defendant's failure to object to certain remarks made by the prosecutor during summation renders his challenge to those remarks unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Williams*, 38 AD3d 925, 926 [2007]). In any event, the challenged comments were either fair comment on the evidence or responsive to arguments and theories presented in the defense summation (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Ashwal*, 39 NY2d 105 [1976]; *People v Williams*, 38 AD3d at 926; *cf. People v Pagan*, 2 AD3d 879, 880 [2003]).

The defendant never requested a charge regarding delayed outcry, or delayed reporting, even when the trial court specifically asked defense counsel whether there were any further charges requested. The defendant's failure to either request such a specific jury instruction or to timely object to the instructions as given renders his challenge to the trial court's instruction unpreserved for appellate review (*see* CPL 470.05 [2]; *People*

*v Melendez,* 16 NY3d 869, 870 [2011]; *People v Williams,* 38 AD3d at 926). In any event, when considered as a whole, the trial court's instructions sufficiently conveyed the correct standards (*see People v Melendez,* 16 NY3d at 870; *People v Williams,* 38 AD3d at 926). Dillon, J.P., Balkin, Austin and Cohen, JJ., concur.