■ The People of the State of New York, Respondent, v Peter Roman, Appellant. [5 NYS3d 5]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J., at expert witness ruling; Marcy L. Kahn, J., at jury trial and sentencing), rendered December 14, 2010, as amended January 6, 2011, convicting defendant of attempted murder in the second degree, two counts of attempted assault in the first degree and two counts of criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 10 years on each conviction, unanimously affirmed.

We reject defendant's claim that the verdicts convicting him of attempted murder and attempted assault were against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The requisite intent for each crime was established by testimony, by numerous witnesses, that defendant was aiming his pistol at the police and civilian victims. Defendant's testimony that he was firing over the victims without intending to hit them presented a credibility issue for the jury, and in exercising our factual review powers, we find no basis for disturbing the jury's determinations.

The court properly denied defendant's motion to present expert testimony on false confessions, as defendant's motion papers, which contained no expert affidavit, did not establish that the proposed expert's testimony would be "relevant to the defendant and interrogation before the court" (*see People v*

*Bedessie*, 19 NY3d 147, 161 [2012]). Moreover, we decline to second-guess the court's exercise of discretion as this is not a case that turns on the accuracy of defendant's confession with little or no other evidence connecting him to the crimes of which he was convicted (*cf. People v Abney*, 13 NY3d 251, 268-269 [2009], citing *People v LeGrand*, 8 NY3d 449, 452 [2007]). In any event, there is no reasonable possibility that the proposed testimony would have resulted in a more favorable verdict. Although the allegedly false confession was somewhat more incriminating than defendant's trial testimony, the confession was generally exculpatory with respect to the issue of intent.

After defense witnesses testified, the trial court properly exercised its discretion in denying defense counsel's request to delay the trial in order to provide him with a "substantial opportunity" to "prepare" defendant for his testimony (*see Matter of Anthony M.*, 63 NY2d 270, 283-284 [1984]). Counsel had ample time to consult with his client before and during trial, and there is no reason to believe the defense was surprised in any way by the testimony of its own witnesses. Defendant did not preserve his claim that he was denied adequate time to consult with counsel regarding his decision to testify, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits, because the record establishes that at the time of the request for a delay of the trial, defendant had already announced his decision to testify.

Defendant's challenges to the prosecutor's summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Andrias, Moskowitz, DeGrasse and Richter, JJ.