■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX RIVERA, Appellant. [13 NYS3d 450]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered August 9, 2011, convicting him of robbery in the first degree (three counts), burglary in the first degree, and burglary in the third degree, upon a jury verdict, and sentencing him to consecutive indeterminate terms of 23 years to life imprisonment on each conviction of robbery in the first degree, to run concurrently with an indeterminate term of 23 years to life imprisonment on the conviction of burglary in the first degree and an indeterminate term of 3½ to 7 years imprisonment on the conviction of burglary in the third degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences

imposed shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that certain of the prosecutor's summation comments constituted reversible error because the prosecutor, allegedly, vouched for the credibility of witnesses, misrepresented the facts, shifted the burden of proof, denigrated the defense, and inflamed the jury, is unpreserved for appellate review because the defendant failed to object, request curative instructions, or timely move for a mistrial on these grounds (*see* CPL 470.05 [2]; *People v Balls*, 69 NY2d 641, 642 [1986]; *People v Salnave*, 41 AD3d 872, 874 [2007]; *People v Wright*, 5 AD3d 873, 875 [2004]). In any event, the challenged comments were either fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105 [1976]), responsive to arguments and theories presented on the defense summation (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Moore*, 29 AD3d 825, 825-826 [2006]), or harmless under the circumstances (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Hill*, 286 AD2d 777, 778 [2001]).

Contrary to the defendant's contention, the sentencing court's imposition of consecutive sentences was not vindictive (*cf. North Carolina v Pearce*, 395 US 711, 731 [1969]). However, the sentences imposed were excessive to the extent indicated herein.

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Dillon, J.P., Dickerson, Chambers and Barros, JJ., concur.