■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY SMITH, Appellant. [28 NYS3d 881]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered March 9, 2015, convicting defendant, after a jury trial, of criminal sexual act in the first degree, 2 counts of sexual abuse in the first degree, and 41 counts of unlawful surveillance in the second degree, and sentencing him to an

aggregate term of five years, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50 (5).

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence established all the required elements, including the victim's physical helplessness during the sex crimes. There is no basis for disturbing the jury's credibility determinations. The victim's testimony was significantly corroborated by that of other witnesses, including the responding police officers, as well as by the photographs defendant took of the victim. On the other hand, defendant had falsely denied that his phone contained any photos of the victim, and defendant's trial testimony was generally inconsistent with his prior statements.

It was error for the court not to have precluded, on the ground of lack of CPL 710.30 (1) (a) notice, defendant's statement that he "may have been a little inappropriate" with the victim, since the "sum and substance" (*People v Lopez*, 84 NY2d 425, 428 [1994]) of that statement was not provided by the noticed statements, which were considerably less inculpatory (*see People v Greer*, 42 NY2d 170, 179 [1977]). Nevertheless, the error in admitting the statement was harmless, and there was no significant probability that the jury would have acquitted defendant but for the error (*see People v Crimmins*, 36 NY2d 230 [1975]).

Defendant's challenges to certain testimony regarding the victim's prompt outcry and to portions of the prosecutor's summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.