THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WERNER LIPPE, Appellant. [44 NYS3d 199]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered March 29, 2011, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's wife disappeared on October 3, 2008. Approximately three weeks later, the defendant confessed to a friend, over the course of several conversations recorded by the police, that he had knocked his wife unconscious with a piece of wood and then burned her body in a 55-gallon drum in his backyard until there was nothing left of it. The defendant boasted to his friend that he had so thoroughly disposed of his wife's body that the police would find no trace of it even if they were to use a magnifying glass. In fact, no physical evidence was recovered from the defendant's house or property. When the police confronted the defendant with the recorded confessions, the defendant at first denied the truth of what he had told his friend, but then confessed again. The defendant was arrested and charged with his wife's murder.

The defendant was tried twice. At the first trial, the People introduced into evidence the defendant's confessions to his friend and to the police. The defendant testified on his own behalf and stated that he had fabricated the story of killing his wife. A mistrial was declared when the jury was unable to reach a verdict. At the second trial, the People introduced into evidence the defendant's confessions to his friend, but not his confession to the police. The defendant sought, on his own case, to introduce his confession to the police, but the County Court ruled that that confession was inadmissible on the issue for which it was being offered. The jury convicted the defendant of murder in the second degree.

Contrary to the defendant's contention, the County Court did not err at the second trial in rejecting his attempt to introduce into evidence the confession that he made to the police. Preliminarily, we note that the defendant's contention that he was deprived of the constitutional right to present a defense by the court's preclusion of this evidence is unpreserved for appellate review (see CPL 470.05 [2]; People v Lane, 7 NY3d 888, 889 [2006]). In any event, it is without merit.

Certainly, at the first trial, the defendant's confession to the

police, offered by the People to prove the defendant's guilt, was admissible as an exception to the hearsay rule (*see People v Leslie*, 41 AD3d 510, 510 [2007]; Jerome Prince, Richardson on Evidence § 8-251 at 552 [Farrell 11th ed 1995]). But a defendant's confession may be excluded as hearsay when the defendant offers it as exculpatory proof of a different fact. Here, at the second trial, the defendant sought to introduce his confession to the police for the purpose of proving the falsity of his confessions to his friend. The defendant contended that his confession to the police was so inherently unbelievable that the jury could rationally conclude that, in making it, the defendant was signaling to the police that his confessions to his friend were completely untruthful and resulted from his fear of his friend. There was, however, no logical process by which a jury could conclude that the defendant's confessions to his friend were false based on the minor differences between the defendant's confessions to his friend and his confession to the police. The defendant's confessions to his friend were substantially similar in all important respects to his confession to the police. Thus, the County Court properly found that the confession to the police simply had no probative value as to the issue on which the defendant offered it (*see People v Myles*, 282 AD2d 476, 476 [2001]; *People v Deutsch*, 235 AD2d 330, 330 [1997]; *People v Hendrix*, 190 AD2d 752, 752 [1993]; Jerome Prince, Richardson on Evidence § 4-101 at 136 [Farrell 11th ed 1995]). Accordingly, the court did not err in excluding the defendant's confession to the police when offered on the defendant's case.

The defendant's contention that the County Court erred when it denied his motion, made before the first trial, to present expert testimony on the issue of false confessions is unpreserved for appellate review since the defendant did not renew that motion prior to the second trial (*see* CPL 470.05 [2]; *People v Walker*, 71 NY2d 1018, 1020 [1988]; *People v Malizia*, 62 NY2d 755, 758 [1984]). In any event, this argument is without merit since the defendant's motion failed to provide an expert proffer to establish that the requested testimony would be "relevant to the defendant and interrogation before the court" (*People v Bedessie*, 19 NY3d 147, 161 [2012]; *see People v Days*, 131 AD3d 972, 977-981 [2015]; *People v Roman*, 125 AD3d 515, 515-516 [2015]).

The defendant contends that the County Court erred in permitting the People to present to the jury testimonial and photographic evidence regarding two demonstrations, both of which related to the feasibility of burning a body in a 55-gallon drum within a 24-hour period. We disagree. Demonstrations

and tests, when relevant to a contested issue, can "play a positive and helpful role in the ascertainment of truth" (*People v Acevedo*, 40 NY2d 701, 704 [1976]). It is for the trial court, in the exercise of its sound discretion, based upon the nature of proof and the context in which it is offered, to determine whether the value of the evidence outweighs its potential for prejudice (*see People v Acevedo*, 40 NY2d at 704). Here, it was within the court's broad discretion to conclude that the value of the testimony about, and the photographs of, the first demonstration, in which a female trooper of comparable size to the victim had climbed into a 55-gallon drum to demonstrate that it was, in fact, possible for the victim to fit into a 55-gallon drum, did not outweigh its potential for prejudice (*see People v Caballero*, 34 AD3d 690, 692 [2006]; *People v Bierenbaum*, 301 AD2d 119, 152 [2002]). Similarly, the court did not improvidently exercise its discretion in admitting into evidence testimony about and photographs of a demonstration that an expert witness performed in California, in which a human cadaver was burned in a 55-gallon drum. Notwithstanding the gruesome aspects of some of the photographs included therein, the demonstration tended to prove the feasibility of the People's theory of the case, which, after all, was based entirely on what the defendant admitted as to how he disposed of his wife's body (*see People v Wood*, 79 NY2d 958, 960 [1992]; *People v Stevens*, 76 NY2d 833, 835 [1990]; *People v Pobliner*, 32 NY2d 356, 369 [1973]; *People v Rivera*, 74 AD3d 993, 994 [2010]; *People v Sampson*, 67 AD3d 1031, 1032 [2009]; *People v Dickerson*, 42 AD3d 228, 237 [2007]; *People v Diaz*, 35 AD3d 226, 227 [2006]). Any differences between the demonstrations and what the defendant said he had done with his wife's body—which were highlighted on cross-examination—did not affect the admissibility of the evidence about the demonstrations, but were relevant to the weight that the jury accorded that evidence (*see People v Clyburn-Dawson*, 128 AD3d 1350, 1352-1353 [2015]; *People v Raucci*, 109 AD3d 109, 122-123 [2013]; *People v Gorham*, 72 AD3d 1108, 1110 [2010]).

The defendant's contention that he was deprived of a fair trial due to improper remarks by the prosecutor on cross-examination and during summation is partially unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Banks*, 74 AD3d 1214, 1215 [2010]). In any event, to the extent that some of the challenged remarks were improper, those remarks did not deprive the defendant of a fair trial (*see People v Mason*, 132 AD3d 777, 778 [2015], *lv granted* 26 NY3d 1147 [2016]; *People v Wallace*, 123 AD3d 1151, 1152 [2014]; *People v Roopchand*, 107 AD2d 35, 36 [1985], *affd* 65 NY2d 837 [1985]).

The defendant's contention that the County Court impermissibly precluded him from eliciting testimony on cross-examination regarding the victim's diagnosis of anhedonia and prescription for anti-depressants is without merit. Although the defendant's right to cross-examine is protected by the Federal and State Constitutions (*see* US Const 6th Amend; NY Const, art I, § 6), trial courts retain wide discretion to impose reasonable limits on cross-examination "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant" (*Delaware v Van Arsdall*, 475 US 673, 679 [1986]; *see People v Pereda*, 200 AD2d 774 [1994]; *People v Ashner*, 190 AD2d 238, 246 [1993]). Here, the court did not improvidently exercise its discretion in limiting the defendant's cross-examination, as the defendant's proposed lines of inquiry were without foundation (*see People v Kinard*, 215 AD2d 591 [1995]).

The defendant's remaining contention is without merit. Balkin, J.P., Dickerson, LaSalle and Brathwaite Nelson, JJ., concur.