■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MUHAMMAD IQBAL, Appellant. [45 NYS3d 580]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered February· 11, 2014, convicting him of murder in the second degree, criminal tampering with physical evidence (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied his constitutional rights to a fair trial and to present a defense by the Supreme Court's preclusion of expert testimony on the issue of false confessions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Lane*, 7 NY3d 888, 889 [2006]). In any event, the defendant's constitutional rights were not violated. Moreover, to the extent the defendant claims evidentiary error, the contention is without merit, as the court providently

exercised its discretion in precluding the proposed testimony because it was not relevant to the specific circumstances of this case (*see People v Bedessie*, 19 NY3d 147, 161 [2012]; *People v Kaye*, 137 AD3d 938 [2016]; *People v Joubert*, 125 AD3d 686 [2015]; *People v Rosario*, 100 AD3d 660 [2012]).

The defendant's contention that he was denied the right to present a defense by the Supreme Court's denial of his request to charge the affirmative defense of extreme emotional disturbance is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Lane*, 7 NY3d at 889). In any event, the court properly declined to charge the jury with the affirmative defense of extreme emotional disturbance. Viewing the evidence in the light most favorable to the defendant, there was insufficient evidence for the jury to find by a preponderance of the evidence that, at the time of the subject strangulation, the defendant suffered from a mental infirmity typically manifested by a loss of self-control (*see* Penal Law §§ 125.25 [1] [a]; 125.20 [2]; *People v Roche*, 98 NY2d 70, 76-77 [2002]; *People v White*, 79 NY2d 900, 904 [1992]; *People v Walker*, 64 NY2d 741, 743 [1984]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Chambers, J.P., Austin, Hinds-Radix and Barros, JJ., concur.