■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY DOUGLAS, Appellant. [52 NYS3d 870]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lopez, J.), rendered October 24, 2014, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged, inter alia, with criminal possession of a weapon in the second degree based on allegations that he knowingly possessed a gun outside of his home or place of business. After a trial, the jury found the defendant guilty of this charge.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair trial by improper remarks made by the prosecutor during his summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Rivera*, 130 AD3d 655, 656 [2015]). In any event, the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments, and constituted fair response to arguments made by defense counsel in summation or fair comment on the evidence (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Galloway*, 54 NY2d 396, 399-401 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]). Dillon, J.P., Cohen, Maltese and Duffy, JJ., concur.