People v Douglas (2017 NY Slip Op 04289)





People v Douglas


2017 NY Slip Op 04289


Decided on May 31, 2017


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2014-10628
 (Ind. No. 2503/13)

[*1]The People of the State of New York, respondent,
v
Timothy Douglas, appellant.


Lynn W. L. Fahey, New York, NY (Anna Kou of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, and Amy E. Markel of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lopez, J.), rendered October 24, 2014, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged, inter alia, with criminal possession of a weapon in the second degree based on allegations that he knowingly possessed a gun outside of his home or place of business. After a trial, the jury found the defendant guilty of this charge.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348; People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial by improper remarks made by the prosecutor during his summation is unpreserved for appellate review (see CPL 470.05[2]; People v Rivera, 130 AD3d 655, 656). In any event, the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments, and constituted fair response to arguments made by defense counsel in summation or fair comment on the evidence (see People v Halm, 81 NY2d 819, 821; People v Galloway, 54 NY2d 396, 399-401; People v Ashwal, 39 NY2d 105, 109-110).
DILLON, J.P., COHEN, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court