The People of the State of New York, Respondent,
against
Curtis Harris, Appellant.




Appellate Advocates (Rahshanda Sibley, Esq.), for appellant.
District Attorney Queens County (John M. Castellano, JohnnetteTraill, Samantha S. Alessi of counsel), for respondent.

 Consolidated appeal from a judgment and an amended judgment of the Criminal Court of the City of New York, Queens County (Elisa S. Koenderman, J.), rendered August 20, 2013, and January 8, 2014, respectively. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated per se, common-law driving while intoxicated, and consumption or possession of an alcoholic beverage in a motor vehicle. The amended judgment revoked the fines of $1,000 previously imposed for each of the driving while intoxicated convictions and resentenced defendant to a fine of $500 for each of these convictions.




ORDERED that the judgment of conviction and the amended judgment of conviction are affirmed.
Following a jury trial, defendant was convicted of driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), and consumption or possession of an alcoholic beverage in a motor vehicle (Vehicle and Traffic Law § 1227 [1]). A judgment rendered on August 20, 2013 sentenced defendant to, among other things, a fine of $1,000 on each driving while intoxicated conviction. An amended judgment was rendered on January 8, 2014 which resentenced defendant to a fine of $500 on each of these convictions.
At a jury trial, the arresting officer testified that, after he had observed a van driven by defendant make a right turn without signaling, he pulled the van over, approached the van, and detected a strong odor of an alcoholic beverage emanating from the van. He then observed that defendant had "bloodshot, watery eyes," and that an open can of malt liquor was on the floor of the van between the two front seats. Defendant informed the officer that he had had "a few drinks at [his] friend's house earlier." The officer noticed that defendant's speech was slurred. Based on his experience and training, the officer formed the opinion that defendant was intoxicated. The officer arrested defendant and took him to the intoxicated driver's testing unit (IDTU), where defendant consented to take an Intoxilyzer 5000 breath test as well as physical coordination tests. 
The officer further testified that he had been with defendant for over 40 minutes by the time that they had arrived at the IDTU and, after he had observed defendant for 20 minutes, defendant took the Intoxilyzer breath test. Defendant's blood alcohol content (BAC) test result was .10. The officer stated that defendant had provided an insufficient breath sample for the test but that, had defendant provided a sufficient sample, the BAC reading would probably have been higher. The officer then administered three physical coordination tests to defendant, which defendant did not perform satisfactorily. A video recording of defendant's Intoxilyzer breath test and physical coordination tests was entered into evidence as People's Exhibit 1 and was played to the jury. During cross-examination, the officer acknowledged that his prior testimony regarding defendant's performance on the coordination tests was not supported by the paperwork he had completed on the day of the incident, which papers indicated that defendant's speech had not been slurred and that defendant had performed well on some parts of the tests. The People's expert witness testified that an insufficient breath sample did not mean that the breath test was invalid; that the reading was accurate based upon the amount of air provided, and, had a sufficient, deeper, breath sample been provided, the results would have been the same or higher; and that New York only requires one attempt to provide a breath sample.
On appeal, defendant contends that the judgment of conviction and amended judgment of conviction should be reversed because the loss of People's Exhibit 1 prevents meaningful appellate review of his arguments that the evidence was legally insufficient to support his convictions of driving while intoxicated per se and common-law driving while intoxicated, and that the verdict convicting him of these offenses was against the weight of the evidence. Defendant further contends that improper comments that the prosecutor made during summation deprived him of a fair trial or, in the alternative, that he was denied the effective assistance of counsel because his trial counsel failed to object to the prosecutor's comments.
Defendant's motion for a trial order of dismissal did not include the specific arguments defendant now raises on appeal and, therefore, defendant's legal sufficiency contention is not preserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492-493 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). We decline to consider the contention in the interest of justice. 
Upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the jury's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that so much of the verdict as convicted defendant of driving while intoxicated per se and common-law driving while intoxicated was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]). With respect to defendant's driving while intoxicated per se conviction, defendant argues that the video would show that the police officer did not observe him for a full 20 minutes prior to administering the test, and that the officer was completing paperwork while he was supposedly observing defendant. However, "[a] constant vigil is not required" (People v McDonough, 132 AD2d 997, 998 [1987]), and, even if the officer failed to observe defendant for a full 20 minutes, such a failure "goes only to the weight to be afforded the test results, and not to their admissibility" (People v Jones, 50 AD3d 1058, 1059 [2008]; People v Morren, 52 Misc 3d 132[A], 2016 NY Slip Op 51005[U], *3 [App Term, 2d [*2]Dept, 2d, 11th & 13th Jud Dists 2016]). With respect to defendant's common-law driving while intoxicated conviction, defendant argues that the video would show that he performed the physical coordination tests satisfactorily, notwithstanding the officer's testimony to the contrary. However, there was ample evidence presented to the jury, aside from defendant's performance on the physical coordination tests—which took place some time after the officer had first observed defendant operating the vehicle—which the jury could consider in its determination of whether defendant was guilty of common-law driving while intoxicated. The jury was entitled to consider the BAC result of .10 as "some evidence of intoxication" (Johnson v Plotkin, 172 AD2d 88, 91 [1991]; People v Morren, 52 Misc 3d 132[A], 2016 NY Slip Op 51005[U], *3) and could also consider the officer's testimony that defendant had bloodshot, watery eyes and slurred speech, and that defendant had told the officer that he had had "a few drinks at [his] friend's house earlier," as evidence of intoxication. 
In view of the foregoing, we find that there is no merit to defendant's contention that so much of the judgment as convicted him of driving while intoxicated per se and common-law driving while intoxicated should be reversed because the loss of People's Exhibit 1 prevents meaningful appellate review. We note that the information contained in the exhibit can otherwise be found in the trial record (see People v Yavru-Sakuk, 98 NY2d 56, 59-60 [2002]).
Furthermore, defendant's contention that the judgment of conviction should be reversed due to improper comments made by the prosecutor during summation is also unpreserved for appellate review inasmuch as defendant failed to object thereto, request curative instructions, or timely move for a mistrial on this ground (see CPL 470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]; People v Balls, 69 NY2d 641, 642 [1986]; People v Lippe, 145 AD3d 1035 [2016]; People v Rivera, 130 AD3d 655, 656 [2015]). In any event, the record indicates that the challenged comments were fair responses to comments made in defense counsel's summation (see People v Galloway, 54 NY2d 396, 399-400 [1981]; People v Negrin, 140 AD3d 1192, 1194 [2016]; People v Rivera, 130 AD3d at 656) or were fair comments on the evidence (see People v Ashwal, 39 NY2d 105 [1976]; People v Negrin, 140 AD3d at 1194; People v Moore, 29 AD3d 825, 825—826 [2006]), and did not constitute an impermissible effort to shift the burden of proof (see People v Robinson, 138 AD3d 764, 765 [2016]; People v Peters, 98 AD3d 587, 589 [2012]). Even if defense counsel should have objected to some of the comments made by the prosecutor during summation, they were not sufficiently egregious to warrant reversal based on a claim of ineffective assistance of counsel (see People v Nicholson, 26 NY3d 813, 832 [2016]; see also People v Lippe, 145 AD3d at 1037; People v Mason, 132 AD3d 777, 778 [2015]; People v Heiserman, 127 AD3d 1422, 1424 [2015]). We find that defendant's attorney provided meaningful representation in accordance with the state standard (see NY Const, art I, § 6; People v Ford, 86 NY2d 397 [1995]; People v Johnson, 71 AD3d 1048 [2010]) and, consequently, defendant also fails to meet the threshold for ineffectiveness under the federal standard (see People v Nicholson, 26 NY3d at 832-833; People v Caban, 5 NY3d 143, 156 [2005]; see also US Const Amend VI; Strickland v Washington, 466 US 688 [1984]). 
Accordingly, the judgment of conviction and the amended judgment of conviction are affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 15, 2017