The People of the State of New York, Respondent, 
against
David Perez, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kevin B. McGrath, J.), rendered October 18, 2013, after a jury trial, convicting him of driving while intoxicated per se (see Vehicle and Traffic Law § 1192[2]) and driving while intoxicated (see Vehicle and Traffic Law § 1192[3]), and imposing sentence.




Per Curiam.
Judgment of conviction (Kevin B. McGrath, J.), rendered October 18, 2013, affirmed.
Defendant was convicted, after a jury trial, of driving while intoxicated per se (see Vehicle and Traffic Law § 1192[2]) and driving while intoxicated (see Vehicle and Traffic Law § 1192[3]). The People's proof was strong and persuasive, including, inter alia, the arresting officer's observation of defendant driving in an unsafe manner, as well as the officer's observation of defendant's appearance and comportment at the scene, wherein defendant exhibited classic signs of intoxication, such as having watery and bloodshot eyes, a flushed face and an odor of alcohol on his breath; defendant's performance of the physical coordination test; and the results of the Intoxilyzer 5000 breath test device administered at the precinct, which measured defendant's blood alcohol content at .16 percent, which was twice the legal limit (see Vehicle & Traffic Law § 1192[2]; People v Fratangelo, 23 NY3d 506 [2014]). Indeed, defendant does not now challenge the conviction on sufficiency or weight of the evidence grounds, but only challenges the court's evidentiary rulings. 
Defendant's argument that he was denied a fair trial due to the People's failure to give him CPL 710.30 notice of their intention to offer a statement made by him during the physical coordination test is unpreserved for appellate review, as defendant failed to raise any objection about the statement he now challenges (see CPL 470.05[2]; People v Watts, 309 AD2d 628, 629 [2003], lv denied 1 NY3d 582 [2003]; People v Muneton, 302 AD2d 246 [2003], lv denied 100 NY2d 541 [2003]), and we decline to review it in the interest of justice. As an alternative holding, we also reject defendant's claim on the merits. In light of the overwhelming evidence of defendant's guilt, the admission of his statement, even if erroneous, was harmless beyond a reasonable doubt (see People v Smith, 138 AD3d 628, 629 [2016], lv denied 28 NY3d 937 [2016]).
Nor was defendant denied due process when the trial court refused to permit him to cross examine the arresting officer regarding the latter's use of an uncalibrated portable breath testing device for one year. A trial court has "broad latitude to preclude or limit cross-examination" (People v Smith, 27 NY3d 652, 662 [2016]) and the court properly exercised its discretion in limiting defendant's cross-examination about an uncalibrated portable breath test administered at the scene, since the results of the test were not admitted into evidence, and this line of inquiry was collateral and likely to cause confusion and speculation on the part of the jury (see People v Smith, 303 AD2d 206 [2003], lv denied 100 NY2d 543 [2003]; People v Tejada, 249 AD2d 208 [1998], lv denied 92 NY2d 906 [1998]).
Defendant failed to preserve his constitutional argument that the court denied his due process right to a fair trial by admitting his booking photograph into evidence (see People v Umali, 10 NY3d 417, 428-429 [2008], cert denied 556 U.S. 110 [2009]), and we decline to review it in the interest of justice. As an alternative holding, the photograph — taken less than three hours after defendant's arrest — was probative of whether defendant was intoxicated, and tended to corroborate the officer's testimony about defendant's appearance of intoxication. Finally, "it is immaterial that the People could establish a prima facie case without the disputed evidence," because they "were not bound to stop after presenting minimum evidence but could go on and present all the admissible evidence available to them" (People v Alvino, 71 NY2d 233, 245 [1987]). In any event, even assuming it was error to admit the photograph, the error was harmless in light of the overwhelming evidence of defendant's guilt.
Defendant did not preserve his challenges to the prosecutor's opening statement and summation. Defendant either failed to object, made generalized objections, or, when his objections were sustained, did not request any further relief, so that the court's curative action "must be deemed to have corrected the error to the defendant's satisfaction" (People v Heide, 84 NY2d 943, 944 [1994]; see also People v Medina, 53 NY2d 951, 953 [1981]). We decline to review these claims in the interest of justice. As an alternative holding, to the extent there were isolated improprieties, the court's curative actions which were not objected to were sufficient to prevent any prejudice, and there is no basis for reversal (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: October 30, 2017