People v Powell (2018 NY Slip Op 07461)





People v Powell


2018 NY Slip Op 07461


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2015-00083
2015-02023
 (Ind. No. 1905/10)

[*1]The People of the State of New York, respondent,
v
Howard Powell, appellant.


Paul Skip Laisure, New York, NY (Steven R. Bernhard and Kendra Hutchinson of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle M. O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered November 6, 2014, and December 15, 2014, respectively, both under Indictment No. 1905/10, convicting him of robbery in the first degree, upon a jury verdict, and robbery in the first degree, upon his plea of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The Supreme Court providently exercised its discretion in denying, after a hearing, the defendant's motion to present certain proposed expert testimony on the topic of false confessions (see People v Bedessie, 19 NY3d 147, 161; People v Iqbal, 147 AD3d 782, 782-783; People v Kaye, 137 AD3d 938, 940). "As a general rule, the admissibility and limits of expert testimony lie primarily in the sound discretion of the trial court" (People v Lee, 96 NY2d 157, 162). With regard to expert testimony on the phenomenon of false confessions, in order to be admissible, "the expert's proffer must be relevant to the [particular] defendant and interrogation before the court" (People v Bedessie, 19 NY3d at 161). Here, the defendant failed to establish that his proffered expert testimony was relevant to the specific circumstances of this case (see id.; People v Iqbal, 147 AD3d at 782-783).
Further, the Supreme Court providently exercised its discretion in permitting the prosecution to cross-examine the defendant regarding certain uncharged crimes and to present rebuttal evidence. The defendant testified during his direct testimony to the effect that he involuntarily confessed after a lengthy interrogation to robbing the victim. Contrary to the defendant's contention, his direct testimony "opened the door" for the People to elicit evidence that the interrogation was lengthy because the defendant was also questioned by detectives regarding five other unsolved robberies, in which the defendant either denied involvement or in which the defendant's statements to the detectives were not useful. In addition to explaining the length of the interrogation, the rebuttal evidence was relevant to counter the defendant's claim of coercion (see People v Mateo, 2 NY3d 383, 416-430; People v Ward, 106 AD3d 842, 842-843). In any event, any error in this regard was harmless (see People v Crimmins, 36 NY2d 230, 241-242).
In light of our determination, the defendant's remaining contention has been rendered academic.
SCHEINKMAN, P.J., MASTRO, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court