People v Dockery (2020 NY Slip Op 05224)





People v Dockery


2020 NY Slip Op 05224


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2016-06738
 (Ind. No. 2856/14)

[*1]The People of the State of New York, respondent,
v
Marcell Dockery, appellant.


Paul Skip Laisure, New York, NY (Benjamin S. Litman and Sean Nuttall of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Camille O'Hara Gillespie of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered June 14, 2016, convicting him of murder in the second degree, assault in the first degree, and arson in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Prior to the commencement of trial, the People moved to preclude expert testimony on the issue of false confessions and the defendant moved for permission to present such expert testimony at trial. The Supreme Court granted the People's motion and denied the defendant's motion. The defendant's contention that he was denied his constitutional rights to a fair trial and to present a defense by the Supreme Court's preclusion of expert testimony on the issue of false confessions is unpreserved for appellate review, as he did not raise this argument in opposition to the People's motion or in support of his motion (see CPL 470.05[2]). In any event, the defendant's constitutional rights were not violated. In addition, to the extent the defendant claims evidentiary error, the contention is without merit. The court providently exercised its discretion in precluding expert testimony on false confessions because the defendant failed to establish that his proffered expert testimony was relevant to the specific circumstances of this case (see People v Bedessie, 19 NY3d 147; People v Iqbal, 147 AD3d 782, 782-783; People v Lippe, 145 AD3d 1035, 1036; People v Kaye, 137 AD3d 938, 940; People v Roman, 125 AD3d 515, 515; People v Joubert, 125 AD3d 686, 686; People v Rosario, 100 AD3d 660, 661; cf. People v Days, 131 AD3d 972, 977-981).
The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v [*2]Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court